**MODEL FORM FOR MOTIONS UNDER 28 USC 2255**

3:07CV593-MEF

2007 JUN 27  A 10: 05

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**NAME** ALDRIC HARRIS

**PRISON NUMBER** 169606 −

**PLACE OF CONFINEMENT** Fountain C.C. 3800 Fountain Atmore, AL 36503

**ADDRESS** 3800 FOUNTAIN F-DORM, ATMORE, AL 36503-5001

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA**

**CASE NO.** 3:05cr223 - LCS _____ (to be supplied by Clerk U.S. District Court)

**UNITED STATES OF AMERICA,**

V.

ALDRIC HARRIS

**(FULL NAME OF MOVANT)**

(If movant has a sentence to be served in the FUTURE under a federal judgment which he wished to attack, he should file a motion in the federal court which entered the judgment.)

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

### Instructions - Read Carefully

(1)  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

**PAGE 2**

(3)    Upon receipt, your motion will be filed if it is in proper order.  No fee is required with this motion.

(4)    If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed IN FORMA PAUPERIS in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs.  If you wish to proceed IN FORMA PAUPERIS, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5)    Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6)    Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7)    When the motion is fully completed, the ORIGINAL and TWO COPIES must be mailed to:        CLERK, UNITED STATES DISTRICT COURT

(8)    Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1.    Name and location of court which entered the judgment of conviction under attack, and case number: Middle District Court of Alabama        03:05cr023-LSC

2.    Date of judgment of conviction  4/26/2006

3.    Length of sentence  120 months

4.    Nature of offense involved (all counts)  Felon in Possession of Fire Arm 922(g)

**PAGE 3**

5.      What was your plea?  (Check one)

      (a)      Not guilty              ( )
      (b)      Guilty                   (X)
      (c)      Nolo contendere      ( )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:  N/A

6.      Kind of trial:  (Check one)
      (a)      Jury              ( )
      (b)      Judge only      (X)

7.      Did you testify at the trial?
    Yes      (X)              No      ( )

8.      Did you appeal from the judgment of conviction?
    Yes      ( )              No      (X)

9.      If you did appeal, answer the following:

      (a)      Name of court      N/A

      (b)      Result      N/A

      (c)      Date of result      N/A

10.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?      Yes      (X)      No      ( )

11.     If your answer to 10 was "Yes", give the following information:

      (a)      (1)      Name of court      Middle District of Alabama

             (2)      Nature of proceeding      Correction of Sentence Motion

PAGE 4

    (3)    **Grounds raised** USSG not Followed in point assessment in Pre-Sentence report and OVER-STATED the details of the Offense where as Court Construed as "enhancement Purpose" "See Attached":

    (4)    **Did you receive an evidentiary hearing on your petition, application, or motion?   Yes   ( )   No   (X)**

    (5)    **Result** Denied

    (6)    **Date of result** Aug 7th, 2006

**(b)**    **As to any second petition, application or motion, give the same information:**

    (1)    **Name of court** N/A

    (2)    **Nature of proceeding** N/A

    (3)    **Grounds raised** N/A

    (4)    **Did you receive an evidentiary hearing on your petition, application or motion?   Yes   ( )   No   ( )**

    (5)    **Result** N/A

    (6)    **Date of result** N/A

**(c)**    **As to any third petition, application or motion, give the same information:**

    (1)    **Name of court** N/A

    (2)    **Nature of proceeding** N/A

    (3)    **Grounds raised** N/A

PAGE 5

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?    Yes   ( )   No   ( )

  (d)    Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)    First petition, etc.    Yes  ( )   No  (X)
    (2)    Second petition, etc.    Yes  ( )   No  (X)
    (3)    Third petition, etc.    Yes  ( )   No  (X)

  (e)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: Appeal Not Applicable in Motions

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

  (a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

  (b)    Conviction obtained by use of coerced confession.

PAGE 6

    (c)       Conviction obtained by use of evidence obtained pursuant to an unconstitutional search and seizure.

    (d)       Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (e)       Conviction obtained by a violation of the privilege against self-incrimination.

    (f)       Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (g)       Conviction obtained by a violation of the protection against double jeopardy.

    (h)       Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

    (i)       Denial of effective assistance of counsel.

    (j)       Denial of right of appeal.

A.    Ground one: (G) Conviction obtained by a violation of the protection against Double Jeopardy.

    Supporting FACTS (tell your story briefly without citing cases or law):
The State Court Used the Gun charge as leverage to obtain a plea by agreement to dismiss Gun charge, knowing the ATF would later prosecute

B.    Ground two: Violation against Not-Applicable Scores on offense in Pre-Sentence Report.

    Supporting FACTS (tell your story briefly without citing cases or law):
Pre-Sentence Report OVER-STATED the acts committed by the Petitioner as to the Nature and elements involved in the actual commission Goretly increasing the Guide line Range at Sentencing

C.    Ground three: _____

**PAGE 7**

>   Supporting FACTS (tell your story briefly without citing cases or law):

>   _____
>   _____
>   _____
>   _____

**D.**    Ground  four: _____

>   _____

>   Supporting FACTS (tell your story briefly without citing cases or law):

>   _____
>   _____
>   _____
>   _____

**13.**    If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

( See Attached Defimition )

_____
_____
_____
_____

**14.**    Do you have any petition or appeal now pending in any court as to the judgment under attack?    Yes  ( )    No  (X)

**15.**    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

>   (a)    At preliminary hearing  Donnie Wayne Bethel
>          201 Monroe Street Suite 407 Mont, AL 36104
>   (b)    At arraignment and plea      Same as above

>   (c)    At trial          Same as above

PAGE 8

(d)    At sentencing _____ Same as above _____

(e)    On appeal ___ N/A _____

_____

(f)    In any post-conviction proceeding _ Pro Se _____

_____

(g)    On appeal from any adverse ruling in a post-conviction proceeding _____
                        N/A

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?    Yes ( ) No (X)

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    Yes (X)    No ( )

(a)    If so, give name and location of court which imposed sentence to be served in the future: _ State of Alabama    Lee County Alabama Circuit Court _

_____

(b)    And give date and length of sentence to be served in the future: _____
_____ 3/11/08 end of Term _____

_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )    No (X)

~~Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.~~

_____
            Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.    Executed on _ 6/22/07 _____ (date).

_____ Aldric L. Harris #162606 _____
Signature of Movant



UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004309410
$ 00.75⁰
JUN 25 2007
MAILED FROM ZIP CODE 36502

Aldric Harris #162606
3800 Fountain F-Dorm
ATMORE, AL 36503-5001

Middle District Court of Alabama
P.O. Box 711
Montgomery AL 36101-0711

LEGAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATE OF AMERICA,      )
    Plaintiff

Vs.                   **Case Number 3:05cr223LSC**
                   )

**ALDRIC HARRIS,**
    **Defendant**           )

## ATTACHMENT TO 2255 PETITION

Comes now Defendant, Aldric Harris, pro se, before this Honorable Court and moves to have the sentencing guide line in this cause re-evaluated as the offense level and the guideline range for this defendant should be within a 34-41 month range as scored by the applicable offense level and the history score, due to the fact that the state court did not proceed with any charges for the alleged criminal act associated with this case and therefore the defendant should not be held accountable for this enhancement under the guideline manual range and application.

The under laying charge is felon in possession of a fire arm 18 U.S.C. 922 (g) and the maximum sentence under this statute is 120 months, of which the defendant was sentenced to, because of the presumption that the defendant had committed a related offense, thus the offense must have resulted in a conviction of which was not the case in this matter before this court on this case.

The Supreme Court has held unanimously that "if the under laying charge does not result in a conviction or is dismissed the defendant can not be and will not be held accountable for those offenses for enhancement purposes" although the state court did not even attempt to present the case before the Grand Jury of the state, the Federal Probation

Office in scoring the case at bar, did given details and enhancement applications to the

cause which should be deemed to be inappropriate in this matter now that it is brought to

the Courts attention and the sentence is due to be modified accordingly.

The support for this petition is found contained within the following;

The petitioner cite this State case as an explination for the application; State vs Jeffrey Lee McKelvey, was convicted of burgalry in the third degree and theft in the first degree. The trial court sentenced him to serve 15 years' imprisonment for the burglary conviction and 20 years' imprisonment for the theft conviction. The sentences were to run consecutively.

McKelvey appealed his convictions and sentencing to the Court of Criminal Appeals on the grounds that (1) he was improperly sentenced to separate sentences on the burglary and theft convictions, because both charges arose from the same act, (2) his confession was improperly admitted into evidence because he was under the influence of cocaine and marijuana when he confessed, and (3) the trial court made an improper statement pursuant to the answer given by a member of the venire that McKelvey "was a friend of my son and I signed his bond to get him out of jail," to which the court responded that "[the venire member] did not sign the bond as surety in this case as far as I can determine from the Court file." McKelvey contended that that statement could have been construed by the remainder of the venire to mean that McKelvey had other criminal charges against him.

The Court of Criminal Appeals, by unpublished memorandum, affirmed both convictions. 595 So.2d 922 (1991). McKelvey petitioned this Court for a writ of certiorari. We issued the writ only to determine whether McKelvey was improperly sentenced to consecutive sentences with regard to the burglary and theft convictions. We now remand to the Court of Criminal Appeals for further consideration of this issue.

The Court of Criminal Appeals wrote in its memorandum that McKelvey had not preserved this issue for appeal because he had not objected at trial and that it was procedurally barred according to Harmon v. State, 543 So. 2d 715 (Ala.Cr.App. 1987), reversed on other grounds, 543 So. 2nd 716 (Ala. 1988), overruled in part on other grounds by Vason v. State, 574 So. 2d 860, 863 (Ala.Cr.App. 1990).

{630 So. 2d 57} In Harmon, the petitioner was convicted of escape in the third degree, burglary in the third degree, and theft in the second degree. Although the burglary and theft convictions stemmed from the same act, Harmon received consecutive sentences for them. Harmon filed a petition for writ of error coram nobis with the trial court, contesting the validity of his convictions, and the court held a hearing on the matter. The writ was denied and Harmon appealed the denial to the Court of Criminal Appeals. Harmon argued that he should not have received separate sentences for the third degree burglary and the second degree theft on a joint indictment. The Court of Criminal Appeals held that Harmon had not preserved the issue by presenting it to the trial court, either in his petition for writ of error coram nobis, or at the hearing, and that the issue was therefore procedurally barred. 543 So.2d at 716. This Court reversed, finding that although the issue Harmon had presented in his pro se petition to the trial court was "whether it was error to try him on both [the burglary and theft] charges," it was obvious that "the gist of his petition [was] an attack on the convictions and sentences he received." Id. at 717. We, therefore, held that Harmon had specifically raised the issue in his petition for writ of error coram nobis and that

he had thus preserved the issue for review. 543 So. 2d 717.

We have not previously addressed whether the question of an improper sentence can be raised on direct appeal or must be raised only by the filing of a post-conviction petition. We note that in Harmon, this Court did not say that the issue of improper sentencing could not be raised for the first time on appeal rather than in a petition for the writ of error coram nobis. We now hold that the issue can be raised on direct appeal.

Rule 32.1, A.R.Cr.P., provides:

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:

". . . .

"(b) The court was without jurisdiction to render judgment or to impose sentence."

Rule 32.2(a), A.R.Cr.P., provides:

"A petitioner will not be given relief under this rule based upon any ground:

". . . .

"(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b). . . ."

It is obvious that under Rule 32 a petitioner is entitled to institute post-conviction proceedings in the trial court in which he was convicted and sentenced if that court "was without jurisdiction to render judgment or to impose sentence." Therefore, if the petitioner is not barred from raising an issue regarding improper sentencing for the first time in a post-conviction petition, we can find no reason that he should not be allowed to raise the issue for the first time on appeal, even though it was not raised in the trial court. If the trial court imposed the sentence on McKelvey without jurisdiction to impose the consecutive sentences for burglary and theft, then McKelvey's ground for appeal was not procedurally barred by his failure to object at his sentencing hearing.

We now address the merit of McKelvey's claim. Section 15-3-8, Code of Alabama 1975 , provides:

"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

In accordance with this statute, the appellate courts of this state have consistently held that where a defendant is charged with both burglary and theft (or larceny)1 arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Vason v. State, 574 So. 2d 860, 863 (Ala.Crim.App. 1990) {630 So. 2d 58} (holding that although the defendant could receive only one sentence for two offenses arising out of the same transaction, the defendant was properly convicted of both burglary and theft that arose from the same transaction); Ex parte Harmon, 543 So. 2d 716, 717 (Ala. 1987) (in which this Court reversed the Court of Criminal Appeals' holding that the defendant had not preserved for review the issue of his consecutive sentences for convictions of burglary and theft, and remanded the case to the Court of Criminal Appeals "to determine whether [the defendant] was in fact subject to the imposition of separate sentences"); Gray v. State, 338 So. 2d 444 (Ala.Cr.App.), cert. denied, 338 So. 2d 445 (Ala. 1976); Wade v. State, 42 Ala. App. 400, 401, 166 So. 2d 739 (1964) (the Court of Appeals held that "where the same transaction supports both grand larceny and burglary, on conviction there can be but one punishment"); Wildman v. State, 42 Ala. App. 357, 165 So. 2d 396 (1963), writ denied, 276 Ala. 708, 165 So. 2d 403 (1964) (the Alabama Court of Appeals held that "grand larceny and burglary are of the same kindred of crimes," and that "where the identical transaction is the foundation, a verdict of guilt of one excludes a like finding of the other"; modified on rehearing to hold

> that the statutory prohibition against double punishment does not forbid
> convictions for both charges and does not forbid concurrent sentences -- only
> double punishment).
> Because we hold that the issue of the allegedly improper sentence could be
> raised on direct appeal, we remand this cause to the Court of Criminal Appeals
> for its further consideration, to determine whether the petitioner's convictions for
> burglary and theft arose from the same "act or omission" within the meaning of
> Code of Alabama 1975, § 15-3-8 , and to make a return to this Court within 56
> days from the issuance of the certificate of judgment in this case.
> REMANDED WITH INSTRUCTIONS.

This is a direct application to the facts shown in the instant case as the State sentence and

the Federal sentence's are run consecutive and the full effect of the enhancements as they

were applied by the probation scoring for this instant offense, thus the points that were

considered are disproportion to the Guide line in the case as the fasts are established and

a review of this consideration is requested.

### Time tolls

As far as the limitation of time; this petition is being filed within one year of the last

action that was denied as the motion was final within the last 12 months, meeting the

requirements established by the most recent applications.


WHEREFORE THE FOREGOING CONSIDERED; it is prayed that this Court give the

due consideration and adjust the sentence downward for the proper guideline range for

the violation of the 18 U.S.C. 922 (g) section and modify the transcript to reflect the same

within the 34-41 month range.

Done this __22nd__ day of ___June___ , 2007.

Respectfully submitted,

Aldric L. Harris

Aldric Harris #162606
3800 Fountain  F-Dorm
Atmore, Alabama  36053

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

v.

                                   Case Number  3:05-CR-223-LSC

**ALDRIC HARRIS**
    Defendant.                             USM Number 11792-002

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, ALDRIC HARRIS, was represented by Donnie Wayne Bethel.

The defendant pleaded guilty to count 1.  Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Offense Ended | Count Number |
|---|---|---|---|
| 18 USC 922(g) | Felon in Possession of a Firearm | 12/4/2004 | 1 |

As pronounced on April 26, 2006, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 28th day of April 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Defendant:  ALDRIC HARRIS                                              Judgment--Page 2 of 6
Case Number:   3:05-CR-223-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED TWENTY (120) months as to Count 1.

The Court recommends to the Bureau of Prisons that the defendant be evaluated and allowed to participate in the Intensive Residential Substance Abuse Treatment Program (500 hour program) and that the defendant be housed as close as possible to his family in Opelika, AL.  The drug treatment recommendation should take first priority.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to_____ at _____

_____, with a certified copy of this Judgment.


_____
United States Marshal

By      _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Defendant: ALDRIC HARRIS                                        Judgment--Page 3 of 6
Case Number:  3:05-CR-223-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **36 months**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✔     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Defendant: ALDRIC HARRIS                                          Judgment--Page 4 of 6
Case Number:  3:05-CR-223-LSC

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Defendant: ALDRIC HARRIS                                           Judgment--Page 5 of 6
Case Number: 3:05-CR-223-LSC

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall participate in drug testing and/or treatment and shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.
2) The defendant shall cooper with the probation officer in the collection of DNA.
3) The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Defendant: ALDRIC HARRIS
Case Number:  3:05-CR-223-LSC

Judgment--Page 6 of 6

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

One Charter Arms .38 Caliber Revolver, Serial Number 457011

CLOSED

# U.S. District Court
## Alabama Middle District (Opelika)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00223-LSC-SRW-ALL
### Internal Use Only

Case title: USA v. Harris                          Date Filed: 09/08/2005

Assigned to: Honorable L. Scott
Coogler
Referred to: Honorable Susan Russ
Walker

**Defendant**

**Aldric Harris** (1)                 represented by    **Federal Defender**
*TERMINATED: 04/28/2006*                              Federal Defenders
                                                      Middle District of Alabama
                                                      201 Monroe Street, Suite 1960
                                                      Montgomery, AL 36104
                                                      334-834-2099
                                                      Fax: 834-0353
                                                      Email: ECFCMALM@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

                                                      **Donnie Wayne Bethel**
                                                      Federal Defenders
                                                      201 Monroe Street
                                                      Suite 407
                                                      Montgomery, AL 36104
                                                      334-834-2099
                                                      Fax: 834-0358
                                                      Email: don_bethel@fd.org
                                                      *ATTORNEY TO BE NOTICED*

**Pending Counts**                                   **Disposition**

UNLAWFUL TRANSPORT OF
FIREARMS, ETC. - NMT $250,000,                       120 Mos Imp; 3 Yrs Sup Rel; $100
[*]; NMT 10Y, B; NMT 3Y SUP REL;                     SA;
$100 AF; VWPA; G-LINES
(1)

## Highest Offense Level (Opening)

Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| None | |

## Highest Offense Level (Terminated)

None

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

---

**Plaintiff**

**USA**                               represented by **Verne H. Speirs**
                                      U.S. Attorney's Office
                                      PO Box 197
                                      Montgomery, AL 36101-0197
                                      334-223-7280
                                      Fax: 223-7560
                                      Email: verne.speirs@usdoj.gov
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **John T. Harmon**
                                      U.S. Attorneys Office
                                      PO Box 197
                                      Montgomery, AL 36101-0197
                                      334-223-7280
                                      Fax: 334-223-7560
                                      Email: john.harmon@usdoj.gov
                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2005 | 1 | INDICTMENT as to Aldric Harris (1) count(s) 1. (sql, ) (Entered: 09/14/2005) |
| 09/08/2005 | 2 | Limits of Punishment as to Aldric Harris: (sql, ) (Entered: 09/14/2005) |
| 09/14/2005 | 3 | WARRANT Issued as to Aldric Harris. (sql, ) (Entered: 09/14/2005) |

| 09/20/2005 | ⊘ | Case unsealed as to Aldric Harris per notice of detainer with Al. Dept. of Corr. (Fountain CF) (kcg, ) (Entered: 09/20/2005) |
|---|---|---|
| 09/28/2005 | ⊘4 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Aldric Harris. (Attachments: # 1 Text of Proposed Order)(Speirs, Verne) (Entered: 09/28/2005) |
| 09/28/2005 | ⊘5 | ORDER granting 4 Motion for Writ of Habeas Corpus ad prosequendum as to Aldric Harris (1). Signed by Judge Susan Russ Walker on 9/28/05. (kcg, ) (Entered: 09/28/2005) |
| 09/28/2005 | ⊘6 | Writ of Habeas Corpus ad Prosequendum Issued as to Aldric Harris for 10/19/05. Arraignment is set for 10/19/2005 10:00 AM in Courtroom 4A before Honorable Delores R. Boyd. (kcg, ) (Entered: 09/28/2005) |
| 10/03/2005 | 7 | Arrest Warrant Returned Executed in case as to Aldric Harris Defendant arrested on 9/30/05. (kcg, ) (Entered: 10/05/2005) |
| 10/11/2005 | ⊘8 | NOTICE OF ATTORNEY APPEARANCE John T. Harmon appearing for USA. (Harmon, John) (Entered: 10/11/2005) |
| 10/19/2005 | ⊘9 | CJA 23 Financial Affidavit by Aldric Harris (sql, ) (Entered: 10/20/2005) |
| 10/19/2005 | ⊘10 | WAIVER of Speedy Trial by Aldric Harris (sql, ) (Entered: 10/20/2005) |
| 10/19/2005 | ⊘ | ORAL MOTION to Appoint Counsel by Aldric Harris. (sql, ) (Entered: 10/20/2005) |
| 10/19/2005 | ⊘ | ORDER (ORAL)granting [] Oral Motion to Appoint Counsel: Federal Defender for Aldric Harris appointed. as to Aldric Harris (1). by Judge Delores R. Boyd on 10/19/2005. (sql, ) (Entered: 10/20/2005) |
| 10/19/2005 | ⊘11 | Minute Entry for proceedings held before Judge Delores R. Boyd :Arraignment as to Aldric Harris (1) Count 1 held on 10/19/2005, Initial Appearance as to Aldric Harris held on 10/19/2005, Plea entered by Aldric Harris (1) Count 1. by Aldric Harris Not Guilty on counts 1. (Recording Time FTR: 11:08 - 11:12 am.) (sql, ) (Entered: 10/20/2005) |
| 10/21/2005 | ⊘12 | NOTICE OF ATTORNEY APPEARANCE: Donnie Wayne Bethel appearing for Aldric Harris (Bethel, Donnie) (Entered: 10/21/2005) |
| 10/24/2005 | ⊘13 | ORDER ON ARRAIGNMENT TO INCLUDE ORDER TO CONTINUE - Ends of Justice as to Aldric Harris. Pretrial Conference set for 11/14/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Jury Trial set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 11/12/2005. Response to Motion due by 11/24/2005. Discovery due by 10/26/2005.. Signed by Judge Susan Russ Walker on 10/24/05. (kcg, ) (Entered: 10/24/2005) |

| 11/14/2005 | 14 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Aldric Harris held on 11/14/2005 (Recording Time 3:46 - 3:47.) (jct, ) (Entered: 11/14/2005) |
| --- | --- | --- |
| 11/28/2005 | 15 | PRETRIAL CONFERENCE ORDER as to Aldric Harris Jury Selection set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Jury Trial (which is expected to last 1-2 days) is set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Conference set for 1/20/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. There are no motions currently pending; Voir Dire due by 2/6/2006; Proposed Jury Instructions due by 2/6/2006; Motions in Limine due by 2/6/2006; Plea Agreement due by 2/6/2006. Signed by Judge Susan Russ Walker on 11/28/05. (kcg, ) (Entered: 11/28/2005) |
| 12/06/2005 | 16 | MOTION for Release from Custody by USA as to Aldric Harris. (Attachments: # 1 Text of Proposed Order)(Speirs, Verne) (Entered: 12/06/2005) |
| 12/06/2005 | 17 | ORDER granting 16 Motion for Release from Custody as to Aldric Harris (1) to Agents Jackson, Rudden, Jordan, Lee County Sheriff's Office, etc., as further set out. Signed by Judge Susan Russ Walker on 12/6/05. (kcg, ) (Entered: 12/06/2005) |
| 12/08/2005 |  | Case as to Aldric Harris Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 |  | UPDATE TRIAL DEADLINES as to Aldric Harris: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 01/20/2006 | 18 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Aldric Harris held on 1/20/2006 (Recording Time 3:19 - 3:20.) (jct, ) (Entered: 01/20/2006) |
| 01/25/2006 | 19 | NOTICE OF INTENT TO CHANGE PLEA by Aldric Harris (Bethel, Donnie) (Entered: 01/25/2006) |
| 01/26/2006 | 20 | ORDER as to Aldric Harris re 19 Notice of Intent to Change Plea. Change of Plea Hearing is set for 1/31/2006 09:30 AM in Courtroom 5B before Honorable Susan Russ Walker. The Clerk is directed to provide a court reporter for this proceeding. If the defendant is in custody, the U.S. Marshal or the person having custody of the defendant shall produce the defendant for this proceeding. Signed by Judge Susan Russ Walker on 1/26/06. (kcg, ) (Entered: 01/26/2006) |
| 01/31/2006 | 21 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Aldric Harris (jct, ) (Entered: 01/31/2006) |
| 01/31/2006 | 22 | PLEA AGREEMENT as to Aldric Harris (jct, ) (Entered: 01/31/2006) |

| 01/31/2006 |   | ORAL ORDER accepting guilty plea and adjudicating defendant guilty as to Count 1 of the Indictment as to Aldric Harris . Signed by Judge Susan Russ Walker on 1/31/06. (jct, ) (Entered: 01/31/2006) |
|---|---|---|
| 01/31/2006 | 23 | Minute Entry for proceedings held before Judge Susan Russ Walker :Change of Plea Hearing as to Aldric Harris held on 1/31/2006, Plea entered by Aldric Harris (1) Guilty Count 1. (Court Reporter Anita Griffith - (Boggs)) (jct, ) (Entered: 01/31/2006) |
| 02/02/2006 | 24 | MOTION for Forfeiture of Property *(Motion for Preliminary Order of Forfeiture)* by USA as to Aldric Harris. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 02/02/2006) |
| 02/02/2006 | 25 | PRELIMINARY ORDER OF FORFEITURE regarding 24 Motion for Forfeiture of Property as to Aldric Harris (1), that as a result of the guilty plea on Ct 1 of the Indictment, for which the Government sought forfeiture pursuant to Title 18, U.S.C. Code, Section 924 and Title 28, U.S. Code, Section 2461(c), the Defendant shall forfeit to the U.S.: All firearms and ammunition involved in the commission the violation of Title 18, U.S. Code, Section 922(g)(1). The Court has determined that the following firearm is subject to forfeiture: One Charter Arms.38 Caliber Revolver, bearing serial number 457011, as further set out. Signed by Judge L. Scott Coogler on 2/2/06. (kcg, ) (Entered: 02/02/2006) |
| 02/03/2006 | 26 | ORDER as to Aldric Harris Sentencing set for 4/26/2006 02:30 PM in Courtroom 2D before Honorable L. Scott Coogler, as further set out. Signed by Judge L. Scott Coogler on 2/3/06. (kcg, ) (Entered: 02/03/2006) |
| 03/17/2006 |   | TRANSCRIPT of CHANGE OF PLEA HEARING as to Aldric Harris held on January 31, 2006, before Judge Susan Russ Walker. Court Reporter: Anita D. Griffith (Boggs Reporting). (snc) (Entered: 03/17/2006) |
| 03/28/2006 | 27 | ORDER as to Aldric Harris that the sentencing presently set for April 26, 2006 is RESCHEDULED for 4/26/2006 10:15 AM in Courtroom 2D before Honorable L. Scott Coogler.. Signed by Judge L. Scott Coogler on 3/28/06. (kcg, ) (Entered: 03/28/2006) |
| 04/19/2006 | 28 | MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility by USA as to Aldric Harris. (Speirs, Verne) (Entered: 04/19/2006) |
| 04/25/2006 | 29 | MOTION for Downward Departure by USA as to Aldric Harris. (Speirs, Verne) (Entered: 04/25/2006) |
| 04/26/2006 | 30 | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 4/26/2006 as to Aldric Harris (Court Reporter Lindy Fuller.) (Attachments: # 1 Defendant Exhibit List)[exhibits maintained in separate binder with court file]. (kcg, ) (Entered: 04/27/2006) |

| 04/26/2006 | | ORAL MOTION for Probation Recommendations by Aldric Harris. (kcg, ) (Entered: 04/27/2006) |
|---|---|---|
| 04/26/2006 | | ORAL ORDER as to Aldric Harris DENYING ORAL MOTION for Probation Recommendations filed by Aldric Harris . Signed by Judge L. Scott Coogler on 4/26/06. (kcg, ) (Entered: 04/27/2006) |
| 04/26/2006 | | ORAL ORDER GRANTING 28 MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility filed by USA and GRANTING 29 MOTION for Downward Departure filed by USA . Signed by Judge L. Scott Coogler on 4/26/06. (kcg, ) (Entered: 04/27/2006) |
| 04/28/2006 | 31 | JUDGMENT as to Aldric Harris (1), Count(s) 1, 120 Mos Imp; 3 Yrs Sup Rel; $100 SA; . Signed by Judge L. Scott Coogler on 4/28/06. (kcg, ) (Entered: 04/28/2006) |
| 04/28/2006 | | ***Case Terminated as to Aldric Harris (kcg, ) (Entered: 04/28/2006) |
| 08/03/2006 | 32 | Pro Se Motion to Review Sentence by Aldric Harris. (kcg, ) (Entered: 08/04/2006) |
| 08/07/2006 | 33 | ORDER denying 32 Pro Se Motion to Review Sentence as to Aldric Harris (1). Signed by Judge L. Scott Coogler on 8/7/06. (kcg, ) (Entered: 08/07/2006) |
| 09/26/2006 | 34 | MOTION to Correct Sentence by Aldric Harris. (ajr) (Entered: 09/26/2006) |
| 09/29/2006 | 35 | STAMPED ORDER denying 34 Motion to Correct Sentence as to Aldric Harris (1). Signed by Judge L. Scott Coogler on 9/29/06. (kcg, ) (Entered: 09/29/2006) |