**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALDRIC HARRIS,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:07cv593-MEF** |
| | ) | **(CR NO. 3:05CR223-LSC)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G.

Canary, United States Attorney, and, in compliance with this Court's order, responds to

Defendant/Movant Aldric Harris' Motion Under § 2255 to Vacate, Set Aside, Or Correct

Sentence By a Person In Federal Custody. Pursuant to this Honorable Court's Order of July 2,

2007, the United States limits its response to a determination of whether Harris is time-barred

from filing the instant action.

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 8, 2005, a grand jury for the Middle District of Alabama returned a one

count Indictment charging Defendant/Appellant Aldric Harris with being a felon in possession of

a firearm. See Exhibit A. Specifically, the Indictment charged that on or about December 4,

2004, in Lee County, within the Middle District of Alabama, Aldric Harris, having been

convicted of various felony offenses, to-wit: Possession of Cocaine, Escape in the Third Degree

and Escape in the Second Degree, did knowingly possess in and affecting commerce a Charter

Arms .38 caliber firearm. All in violation of Title 18, United States Code, Section 922(g)(1).

Pursuant to a written plea agreement negotiated by Attorney Donnie Wayne Bethel,

Harris pleaded guilty to the one count Indictment on January 31, 2006. See Exhibit B. After

being placed under oath and consenting to having his plea taken by a United States Magistrate

Judge, Harris informed the Court that he was able to understand the proceedings and that his

counsel had satisfactorily assisted him in fully understanding the terms of his agreement.  See

Exhibit C - *Change of Plea Transcript*.  A sentencing hearing was held on April 26, 2006.  See

Exhibit D - *Sentencing Transcript*.  On that date, Harris was sentenced to 120 months

imprisonment.  A final judgement of conviction and sentence was entered on April 28, 2006.

See Exhibit E.  On August 3, 2006, Harris filed a Pro Se Motion to Review Sentence.  See

Exhibit F.  On August 7, 2006, his motion was denied.  See Exhibit G.  On September 26, 2006,

Harris filed a Motion to Correct Sentence.  See Exhibit H.  On September 29, 2006, his motion

was denied.  See Exhibit I.

Harris filed a Motion to Vacate, Set Aside or Correct Sentence on June 22, 2007.  On July

2, 2007, this Honorable Court ordered the United States to file a limited response addressing

whether Harris is time-barred from filing the instant action.

## II.  TIME LIMITATION

### A.    Harris Has Failed To Meet The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.

The United States asserts that Harris has not filed his motion in a timely manner under

paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to seek relief under

the rule.  Section 2255 states that a motion be filed within one year from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United States
is removed, if the movant was prevented from making a motion by such
governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255 ¶ 6.

The judgment against Harris was entered on April 28, 2006.  He did not appeal his sentence to the Eleventh Circuit Court of Appeals.  His sentence became final when the time for filing an appeal to the Eleventh Circuit expired.  Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002).  Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires.[1]  See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708 (1987).

Applying these rules, Harris had ten days from the April 28, 2006, entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on May 9, 2006.  Therefore, under § 2255, Harris had until May 9, 2007 - one year after May 9 , 2006 - to file his motion.  He filed this motion on June 22, 2007, forty-four days after the § 2255 limitations period expired on May 9, 2007.  Harris is, therefore, untimely under the limitations period in § 2255 ¶ 6(1).

---

[1]  In Griffith, the Supreme Court stated: "By 'final,' we mean a case in which a judgement of conviction has been rendered, **the availability of appeal exhausted,** and the time for petition for certiorari elapsed or a petition for certiorari finally denied."  479 U.S. at 321 (emphasis added).

Contrary to established law, Harris suggests that his § 2255 motion is timely.  See

*Attachment to 2255 Petition*, p. 4.  Harris alleges:

> As far as the limitation of time; this petition is being filed within **one year of the
> last action that was denied as the motion was final within the last 12 months**,
> meeting the requirements established by the most recent applications.  (Emphasis
> added.)

Harris' reasoning and calculation is contrary to paragraph six of 28 U.S.C. § 2255 and is

unsupported by any legal authority.

## II.  A HEARING IS NOT NECESSARY IN THIS MATTER

Harris has failed to establish that he has met the one-year statute of limitations deadline

for filing a claim under 28 U.S.C. § 2255.  Likewise, Harris has not pleaded facts or presented

sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing,

and his claims for relief should be denied as untimely without an evidentiary hearing.  See

Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th

Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should

this Court determine that Harris has made any arguments not addressed in this response, the

United States would request the opportunity to further respond to those arguments.

## III.  CONCLUSION

For the above reasons, Defendant/Movant Aldric Harris has failed to demonstrate that he

has met the one-year statute of limitations, thus his § 2255 motion should be denied without an

evidentiary hearing.

Respectfully submitted this 1st day of August, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
verne.speirs@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALDRIC HARRIS,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:07cv593-MEF** |
| | ) | **(CR NO.  3:05CR223-LSC)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant: Aldric Harris, Prisoner Number 162606, Fountain Correctional Center, 3800 Fountain, Atmore, AL 36503.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7138 fax
verne.speirs@usdoj.gov

6

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SEP - 8 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA    )
                            )
            v.              )    CR. NO. 3:05cr 223-F
                            )    [18 USC 922(g)(1)]
ALDRIC HARRIS              )
                            )    INDICTMENT

The Grand Jury charges:

COUNT 1

On or about December 4, 2004, in Lee County, within the Middle District of Alabama,

ALDRIC HARRIS,

defendant herein, having been convicted of the following felonies, all crimes punishable by

imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)    January 31, 1991, Possession of Cocaine, in the Circuit Court of Lee County,
      Alabama, CC 91-60;

2)    November 3, 1994, Escape in the Third Degree, in the Circuit Court of Lee County,
      Alabama, CC 94-1203;

3)    February 10, 2004, Escape in the Second Degree, in the Circuit Court of Lee County,
      Alabama, CC 04-165;

did knowingly possess in and affecting commerce a firearm, to-wit: a Charter Arms .38 Caliber

Revolver, serial number 457011. All in violation of Title 18, United States Code, Section 922(g)(1).



<u>FORFEITURE ALLEGATION</u>

A.     Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

ALDRIC HARRIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

> One Charter Arms .38 Caliber Revolver, Serial Number 457011.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred, sold to, or deposited with a third person;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or,

(5)     has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

All in violation of Title 18, United States Code, Section 922.

2

A TRUE BILL:

Foreperson

LEURA GARRETT CANARY
United States Attorney

JOHN T. HARMON
Assistant United States Attorney

VERNE H. SPEIRS
Assistant Untied States Attorney

3

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. )    CR. NO. 3:05CR223-F
)
ALDRIC HARRIS )

### PLEA AGREEMENT

DEFENSE COUNSEL:          DONNIE WAYNE BETHEL

ASSISTANT U.S. ATTORNEY:  VERNE H. SPEIRS

### COUNT AND STATUTE CHARGED:

Count 1          18 U.S.C. § 922(g)(1)
                 Felon In Possession Of A Firearm

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1          18 U.S.C. § 922(g)(1)

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1          18 U.S.C. § 922(g)(1)
                 NMT 10Y or
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

### ELEMENTS OF THE OFFENSE:

18 U.S.C. § 922(g)(1)

First:    The defendant knowingly possessed a firearm or
          ammunition in or affecting interstate commerce, as
          charged; and

Second:   Before the defendant possessed the firearm or
          ammunition, the defendant had been convicted in a
          court of a crime punishable by imprisonment for a
          term in excess of one year, that is, a felony
          offense.



GOVERNMENT
EXHIBIT
B

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Donnie Bethel, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a.  The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the

2

investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b.  The government will agree, pursuant to U.S.S.G 5K1.1. (Substantial Assistance) to move, at the time of sentencing, for a 1 (one) level downward departure from the applicable Guideline as ultimately found and accepted by the United States District Court for the Middle District of Alabama.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a.  To plead guilty to Count 1 of the Indictment.

b.  To forfeit all firearms in his possession.

c.  Not commit any State, local or federal offenses.

3

## FACTUAL BASIS

On or about December 4, 2004, in Lee County, within the Middle District of Alabama, ALDRIC HARRIS, defendant herein, having been convicted of the following felonies, all crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)  January 31, 1991, Possession of Cocaine, in the Circuit Court of Lee County, Alabama, CC 91-60;

2)  November 3, 1994, Escape in the Third Degree, in the Circuit Court of Lee County, Alabama, CC 94-1203;

3)  February 10, 2004, Escape in the Second Degree, in the Circuit Court of Lee County, Alabama, CC 04-165;

did knowingly possess in and affecting commerce a firearm, to-wit: a Charter Arms .38 Caliber Revolver, serial number 457011.  All in violation of Title 18, United States Code, Section 922(g)(1)

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.   The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.   The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.   The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing.  The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United

States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may

6

later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.    The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.    The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings

against the defendant.  However, the defendant does understand

that evidence of a statement made in connection with and relevant

to a plea of guilty, later withdrawn, or an offer to plead guilty

to the crimes charged in the Indictment herein, is admissible in

a criminal proceeding for perjury or false statement when the

statement was made by the defendant under oath, on the court

record, and in the presence of counsel.

       k.  The defendant is satisfied that defense

counsel has been competent and effective in representing

defendant.

       5.  The undersigned attorneys for the government and

for the defendant represent to the court that the foregoing Plea

Agreement is the agreement of the parties that has been reached

pursuant to the Plea Agreement procedure provided for in Rule 11,

Federal Rules of Criminal Procedure, as Amended.  The attorney

for the defendant further advises the Court that the defendant

has been advised of the nature of the charge to which the

foregoing described plea is to be offered, and that the defendant

has been advised of the defendant's right to plead not guilty and

to be tried by a jury on all issues herein; of the maximum

possible penalty provided by law; that by the entering of a plea

of guilty as aforesaid, the defendant waives the right to be

tried by a jury or by the Court, waives the right to confront and

cross-examine witnesses against the defendant and the right not

to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.    The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.  In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This __31ˢᵗ__ day of January, 2006.

9

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


Andrew O. Schiff
Deputy Criminal Chief


Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104


I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, _Donnie Bethel_.

Aldric L. Harris
Aldric Harris/DEFENDANT

_1-31-06_
Date

10

**Donnie Bethel**
**Attorney for the Defendant**

31 Jan 06

**Date**

1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE MIDDLE DISTRICT OF ALABAMA

3

4

5    CASE NO.:  3:05-cr-00223-LSC-SRW-1

6

7    UNITED STATES OF AMERICA,

8           Plaintiff,

9    vs.

10   ALDRIC HARRIS,

11          Defendant.

12

13

14              *     *     *

15        **NOTICE OF INTENT TO CHANGE PLEA**

16              *     *     *

17

18

19        CHANGE OF PLEA HEARING, taken before the

20   Honorable Susan Russ Walker, Presiding Judge, before

21   Anita D. Griffith, Certified Court Reporter and

22   Notary Public, at the United States Courthouse, One

23   Church Street, Montgomery, Alabama, commencing at

24   approximately 9:30 a.m. on Tuesday, January 31,

25   2006.



GOVERNMENT
EXHIBIT
C

```
 1                    APPEARANCES OF COUNSEL

 2

 3   FOR THE UNITED STATES OF AMERICA:

 4           TODD BROWN

 5           ASSISTANT U.S. ATTORNEY

 6           ONE COURT SQUARE

 7           MONTGOMERY, ALABAMA  36102

 8           334.223.7280 (phone)

 9           334.223.7560 (fax)

10

11   FOR THE DEFENDANT ALDRIC HARRIS:

12           DONNIE WAYNE BETHEL

13

14

15                   *       *       *

16

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X

 2

 3    Witnesses                          Page No.

 4    Aldric Harris

 5    (By The Court)                        6

 6    (By Mr. Bethel)                      14

 7

 8

 9                    *        *        *

10

11

12                  E X H I B I T S

13    None

14

15

16                    *        *        *

17

18

19

20

21

22

23

24

25
```

```
 1          THE COURT:  This is United States

 2              versus Aldric Harris,

 3              3:05-cr-225-F.  We're here for a

 4              change of plea.

 5                  Previously, the Court was

 6              informed that the Defendant wishes

 7              to change his plea and consents to

 8              having the guilty plea proceeding

 9              conducted by the United States

10              Magistrate Judge.  I, the United

11              States Magistrate Judge, the next

12              higher-ranking Judge, is the

13              District Judge, and you have the

14              right to have a District Judge

15              take your plea.  If you wish to

16              have me take your plea today, you

17              need to read and sign the consent

18              form that's been given you.

19                  (At which time there was a

20              brief interruption.)

21          THE COURT:  The form has been signed.

22                  Would Counsel briefly

23              summarize the terms of the plea

24              agreement?

25          MR. BROWN:  I'll do that, Your Honor,
```

| | |
|---|---|
| 1 | and I'm standing in for Mr. |
| 2 | Speirs; he's in a trial today. |
| 3 | The -- This is an 11-C-1-C |
| 4 | plea in exchange for a guilty plea |
| 5 | to Count One, which is the only |
| 6 | count in the indictment. The |
| 7 | Government agrees to three levels |
| 8 | of acceptance of responsibility, |
| 9 | and pursuant to sentencing guide- |
| 10 | line Section 5-K1.1 for a one |
| 11 | level downward departure. The |
| 12 | Defendant agrees to plead guilty |
| 13 | to Count One, to forfeit all |
| 14 | firearms in his possession, not to |
| 15 | commit any other offense, to waive |
| 16 | appeal and collateral attack. |
| 17 | THE COURT: Mr. Bethel, is that your |
| 18 | understanding as well? |
| 19 | MR. BETHEL: Yes, Your Honor. |
| 20 | THE COURT: All right. We'll swear in |
| 21 | the Defendant. |
| 22 | (At which time the Defendant |
| 23 | was administered the oath by |
| 24 | the Court Clerk.) |
| 25 | ALDRIC HARRIS, |

```
 1            having first been sworn, was examined
 2                   and testified as follows:
 3                         EXAMINATION
 4    BY THE COURT:
 5    Q    Mr. Harris, do you understand that you are
 6         now under oath, that if you answer any of
 7         the questions asked here falsely, your
 8         answers may later be used against you in
 9         another prosecution for perjury or making a
10         false statement?
11    A    Yes, ma'am.
12    Q    Would you state your name, please?
13    A    Aldric Warren Harris.
14    Q    How old are you?
15    A    Thirty-four.
16    Q    How far did you go in school?
17    A    Like ninth grade.
18    Q    Have you been treated recently for any
19         mental illness or addiction to narcotic
20         drugs of any kind?
21    A    No, ma'am.
22    Q    Are you currently under the influence of any
23         drug, medication or alcoholic beverage of
24         any kind?
25    A    No, ma'am.
```

```
1    Q    Have you received a copy of the indictment

2         pending against you, that is the written

3         charges made against you in this case?

4    A    Yes, ma'am.

5    Q    Have you fully discussed those charges -- or

6         that charge and the case, in general, with

7         Mr. Bethel as your counsel?

8    A    Yes, ma'am.

9    Q    Are you fully satisfied with the counsel

10        representation and advice given to you in

11        this case by your attorney, Mr. Bethel?

12   A    Yes, ma'am.

13   Q    There's a written plea agreement in this

14        case.  Did you have the opportunity to read

15        and discuss the plea agreement with your

16        lawyer before you signed it?

17   A    Yes, ma'am.

18   Q    Does the plea agreement represent, in its

19        entirety, any understanding that you have

20        with the Government?  In other words, is all

21        of your agreement written down in that

22        written plea agreement?

23   A    Yes, ma'am.

24   Q    Do you understand the terms of the plea

25        agreement?
```

```
 1   A   Yes, ma'am.

 2   Q   Has anyone made any other or different

 3       promise or assurance of any kind to you in

 4       an effort to induce you to plead guilty in

 5       this case?

 6   A   No, ma'am.

 7   Q   Do you understand that if the Court chooses

 8       not to follow the terms of the plea

 9       agreement, the Judge will give you the

10       opportunity to withdraw your plea of guilty,

11       and that if you choose not to withdraw your

12       plea, it may impose a more severe sentence

13       without being bound by the plea agreement?

14   A   Yes, ma'am.

15   Q   Has anyone attempted in any way to force you

16       to plead guilty in this case?

17   A   No, ma'am.

18   Q   Are you pleading guilty of your own free

19       will because you are guilty?

20   A   Yes, ma'am.

21   Q   Do you understand the offense to which you

22       are pleading guilty to is a felony offense,

23       that if your plea is accepted, you would be

24       adjudged guilty of that offense, and

25       adjudication may deprive you of valuable
```

```
 1            civil rights, such as the right to vote, the
 2            right to hold public office, the right to
 3            serve on a jury, the right to possess any
 4            kind of firearm?
 5    A       Yes, ma'am.
 6    Q       The maximum possible penalty provided by law
 7            on this charge is no more than two hundred
 8            and fifty thousand dollars fine, no more
 9            than ten years imprisonment, or both the
10            fine and imprisonment, no more than three
11            years supervised release, a one hundred
12            dollar assessment fee, and you may be asked
13            to make restitution to any victim of the
14            offense.  Do you understand the maximum
15            punishment in your case?
16    A       Yes, ma'am.
17    Q       With regard to supervised release, do you
18            understand that if you violate the
19            conditions of supervised release, you can be
20            given additional time in prison?
21    A       Yes, ma'am.
22    Q       Do you understand that you must forfeit all
23            firearms in your possession, pursuant to
24            this plea agreement?
25    A       Yes, ma'am.
```

```
 1   Q   And do you understand that you must pay a
 2       special assessment fee of one hundred
 3       dollars in this case?
 4   A   Yes, ma'am.
 5   Q   Do you understand that under the Sentencing
 6       Reform Act of 1984, the United States
 7       Sentencing Commission has issued guidelines
 8       for Judges to follow in determining the
 9       sentence in a criminal case?
10   A   Yes, ma'am.
11   Q   Do you understand that under recent Supreme
12       Court cases, those sentencing guidelines are
13       now considered to be advisory guidelines?
14   A   Yes, ma'am.
15   Q   Have you and your attorney talked about how
16       the advisory sentencing guidelines might
17       apply to your case?
18   A   Yes, ma'am.
19   Q   Do you understand that parole has been
20       abolished and that if you are sentenced to
21       prison, you will not be released on parole?
22   A   Yes, ma'am.
23   Q   Do you understand that under some circum-
24       stances, you, or the Government, may have
25       the right to appeal any sentence that the
```

**Boggs Reporting & Video Services**
**334.264.6227/800.397.5590/www.boggsreporters.com**

1     Court imposes?

2  A   Yes, ma'am.

3  Q   Do you understand that by entering into this

4     plea agreement and entering a plea of

5     guilty, you will have waived, or given up,

6     your right to appeal or to collateral attack

7     all or part of this sentence?

8  A   Yes, ma'am.

9  Q   Do you understand that you have a right to

10    plead not guilty to any offense charged

11    against you and to persist in that plea,

12    that you would then have the right to a

13    trial by jury, and that at trial, you would

14    be presumed to be innocent, and the

15    Government would have to prove your guilt

16    beyond a reasonable doubt?

17  A   Yes, ma'am.

18  Q   Do you understand that you would have the

19    right to the assistance of counsel for your

20    defense, the right to see and hear all the

21    witnesses and have them cross-examined in

22    your defense; the right, on your own part,

23    to decline to testify, unless you

24    voluntarily elected to do so in your own

25    defense, and the right to the issuance of

| | | |
|---|---|---|
| 1 | | subpoenas, or compulsory process, to compel |
| 2 | | the attendance of witnesses to testify in |
| 3 | | your defense? |
| 4 | A | Yes, ma'am. |
| 5 | Q | Do you understand that should you decide not |
| 6 | | to testify or put on any evidence, these |
| 7 | | facts cannot be used against you? |
| 8 | A | Yes, ma'am. |
| 9 | Q | Do you further understand that by entering a |
| 10 | | plea of guilty, that that plea is accepted |
| 11 | | by the District Judge, there will be no |
| 12 | | trial, and you will have waived, or given |
| 13 | | up, your right to a trial, as well as those |
| 14 | | other rights associated with a trial, as I |
| 15 | | just described them? |
| 16 | A | Yes, ma'am. |
| 17 | Q | The charge to which you've pleaded guilty is |
| 18 | | set out in Count One of the indictment, |
| 19 | | which charges that on or about December 4th, |
| 20 | | 2004, in Lee County, within the Middle |
| 21 | | District, that you, having been convicted of |
| 22 | | three felonies -- that is in January 31st -- |
| 23 | | on January 31st, 1991, possession of cocaine |
| 24 | | in the Circuit Court of Lee County; on |
| 25 | | November 3rd, 1994, escape in the third |

| | | |
|---|---|---|
| 1 | | degree in the Circuit Court of Lee County, |
| 2 | | and on February 10th, 2004, escape in the |
| 3 | | second degree in the Circuit Court of Lee |
| 4 | | County -- knowingly possessed, in or |
| 5 | | effecting commerce, a firearm, specifically |
| 6 | | a Charter Arms 38 caliber revolver, with the |
| 7 | | Serial Number 457011, in violation of 18USC |
| 8 | | Section 922 G1.  Do you understand that |
| 9 | | that's the charge to which you're pleading |
| 10 | | guilty to today? |
| 11 | A | Yes, ma'am. |
| 12 | Q | The elements of this offense, which the |
| 13 | | Government would have to prove in your case |
| 14 | | beyond a reasonable doubt are, first, that |
| 15 | | you knowingly possessed a firearm or |
| 16 | | ammunition in or effecting interstate |
| 17 | | commerce as charged, and second, that before |
| 18 | | you possessed the firearm or ammunition, you |
| 19 | | had been convicted in a court of a crime |
| 20 | | punishable by imprisonment for a term in |
| 21 | | excess of one year that is a felony offense. |
| 22 | | Do you understand those elements? |
| 23 | A | Yes, ma'am. |
| 24 | | THE COURT:  I need to find whether or |
| 25 | | not there's a factual basis for |

```
 1                    the plea.  How would y'all like to

 2                    plead?

 3               MR. BETHEL:  I'll handle that, Your

 4                    Honor.

 5               THE COURT:  Okay.

 6                    EXAMINATION

 7  BY MR. BETHEL:

 8  Q    Mr. Harris, on the 4th of December, 2004,

 9       were you stopped by police officers while

10       driving a car?

11  A    Yes.

12  Q    During that traffic stop, did the police

13       officers discover that you were in the

14       possession of a 38 caliber revolver, that is

15       the Charter Arms 38?

16  A    Yes, sir.

17  Q    You understand that that Charter Arms 38 was

18       manufactured in the State of Connecticut?

19  A    (No response.)

20  Q    Manufactured in the State of Connecticut

21       before you possessed it?

22  A    Did I know?

23  Q    Do you understand that it was manu-

24       factured --

25  A    Yes.
```

| | | |
|---|---|---|
| 1 | Q | We discussed that? |
| 2 | A | Yes. |
| 3 | Q | And, therefore, at the time that you |
| 4 | | possessed it in Alabama, at some time prior |
| 5 | | to that, it had traveled across state lines? |
| 6 | A | Yes. |
| 7 | Q | On the 31st of January, 1991, were you |
| 8 | | convicted in Circuit Court of Lee County of |
| 9 | | possession of cocaine? |
| 10 | A | Yes. |
| 11 | Q | And on the 3rd of November of 1994, in the |
| 12 | | Circuit Court of Lee County, were you |
| 13 | | convicted of escape in the third degree? |
| 14 | A | Yes. |
| 15 | Q | And on February 10th, 2004, were you |
| 16 | | convicted of escape in the second agree in |
| 17 | | the Circuit Court of Lee County? |
| 18 | A | Yes. |
| 19 | | THE COURT:  Are those felony offenses, |
| 20 | | as you understand them? |
| 21 | | MR. BETHEL:  Yes, ma'am. |
| 22 | | THE COURT:  And is the serial number on |
| 23 | | the Charter Arms, 38 caliber |
| 24 | | revolver that you had in the car |
| 25 | | that you possessed, did that match |

```
 1              the serial number in the
 2              indictment?  Is that the same gun?
 3    MR. HARRIS:  Yes.
 4    THE COURT:  Anything from the
 5              Government?
 6    MR. BROWN:  Just that the offense
 7              occurred in Lee County, just for
 8              jurisdictional purposes.
 9    THE COURT:  Do you agree to that --
10              that it occurred in Lee County?
11    MR. HARRIS:  Yes, ma'am.
12    THE COURT:  How do you now plead to the
13              charge against you in Count One of
14              the indictment, guilty or not
15              guilty?
16    MR. HARRIS:  Guilty.
17    THE COURT:  It's the finding of the
18              Court in the case of United States
19              versus Aldric Harris that the
20              Defendant is fully competent and
21              capable of entering an informed
22              plea, that the Defendant is aware
23              of the nature of the charges and
24              the consequences of the plea, and
25              that the plea of guilty is a
```

1   knowing and voluntary plea,

2   supported by an independent basis

3   and facts contained in each of the

4   essential elements of the offense.

5   The plea is therefore accepted,

6   and the Defendant is now adjudged

7   guilty of that offense.

8       Mr. Harris, a written

9   pre-sentence report will be

10  prepared by the probation office

11  to assist the Court in sentencing.

12  You'll be asked to give infor-

13  mation for the report, and your

14  attorney may be present for that

15  if you wish.  The Court will

16  permit you and your counsel to

17  read the pre-sentence report and

18  file any objections to it before

19  the sentencing hearing, and you

20  and your counsel will have the

21  opportunity to speak on your

22  behalf at that sentencing hearing.

23  The date for your sentencing will

24  be set by order, and until

25  sentencing, I will remand you to

```
1                  the custody of the United States
2                  Marshal.
3                      Anything else?
4            MR. BETHEL:  No, Your Honor.
5            MR. BROWN:  No, Your Honor.
6
7
8                  *       *       *
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

REPORTER'S CERTIFICATE

STATE OF ALABAMA)

ELMORE COUNTY)

I, Anita D. Griffith, Certified

Professional Reporter and Notary Public in and for

the State of Alabama at Large, do hereby certify on

January 31, 2006, I reported the Change Of Plea in

the matter of United States of America, Plaintiff,

versus Aldric Harris, Defendant, Case No.

3:05-cr-00223-LSC-SRW-1, now pending in the United

States District Court for the Middle District of

Alabama; that the foregoing colloquies and

statements were reduced to 18 typewritten pages

under my direction and supervision.

I further certify that I am neither of

relative, employee, attorney or counsel of any of

the parties, nor am I a relative or employee of such

attorney or counsel, nor am I financially interested

in the results thereof.  All rates charged are usual

and customary.

1    This the 15th day of March, 2006.

2

3    *Anita D. Griffith*

    Anita D. Griffith
4    Certified Court Reporter
    Notary Public
5    Commission expires: 8/14/2007

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF ALABAMA
 2                         EASTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,          3:05-CR-223-LSC
             PLAINTIFF,                 APRIL 26, 2007
 5             V.                       MONTGOMERY, AL
     ALDRIC HARRIS,
 6           DEFENDANT.
     *  *  *  *  *  *  *  *  *  *  *  *  *

 7

 8
                  TRANSCRIPT OF SENTENCING HEARING
 9         BEFORE THE HONORABLE L. SCOTT COOGLER,
                  UNITED STATES DISTRICT JUDGE
10

11   APPEARANCES:

12   FOR THE UNITED STATES:

13   VERNE SPEIRS, AUSA
     MONTGOMERY, ALABAMA
14
     FOR THE DEFENDANT:
15   DONNIE BETHEL
     FEDERAL DEFENDER'S OFFICE
16   MONTGOMERY, ALABAMA

17

     COURT REPORTER:
18
     LINDY M. FULLER, RMR, CRR
19   FEDERAL OFFICIAL COURT REPORTER
     1729 FIFTH AVENUE NORTH, SUITE 325
20   BIRMINGHAM, ALABAMA  35203

21

22

23

24

25
```



GOVERNMENT
EXHIBIT
D

```
1                    P R O C E E D I N G S
2                       (IN OPEN COURT)
3             THE COURT:  THIS IS UNITED STATES OF AMERICA
4    VERSUS ALDRIC HARRIS, 05-223.  WE ARE HERE FOR THE PURPOSE
5    OF SENTENCING THE DEFENDANT.
6             IS THE GOVERNMENT READY TO PROCEED?
7             MR. SPEIRS:   THE UNITED STATES IS PREPARED, YOUR
8    HONOR.
9             THE COURT:  IS THE DEFENDANT READY TO PROCEED?
10            MR. BETHEL:  YES, YOUR HONOR.
11            THE COURT:  HAVE YOU AND YOUR CLIENT HAD AT LEAST
12   THIRTY-FIVE DAYS TO REVIEW THE PRESENTENCE REPORTS?
13            MR. BETHEL:  NOT THE REVISED PRESENTENCE REPORT,
14   YOUR HONOR, BUT WE WAIVE ANY ISSUE WITH THE TIME LIMITS.
15            THE COURT:  IT APPEARS TO ME FROM MY READING OF
16   THE NOTES THAT YOU FILED A WRITTEN OBJECTION TO THE
17   PRESENTENCE REPORT.  DO YOU STILL MAINTAIN THAT
18   OBJECTION?
19            MR. BETHEL:  WE DO, YOUR HONOR.
20            THE COURT:  GOVERNMENT, ARE YOU PREPARED TO
21   RESPOND TO THE OBJECTION FILED BY THE DEFENDANT WITH
22   REGARD TO PARAGRAPH FOURTEEN?
23            MR. SPEIRS:  YES, WE ARE, YOUR HONOR.  WE HAVE A
24   WITNESS HERE THAT WOULD OFFER TESTIMONY TO THE COURT.
25            THE COURT:  ALL RIGHT.  CALL YOUR FIRST WITNESS.
```

```
1            MR. SPEIRS:  YOUR HONOR, THE UNITED STATES CALLS
2   MR. JOSH RUDD TO THE STAND.
3                    MR. JOSHUA RUDD, SWORN
4            THE COURT REPORTER:  PLEASE STATE YOUR NAME.
5            THE WITNESS:  JOSHUA RUDD.
6            THE COURT REPORTER:  SPELL YOUR LAST NAME.
7            THE WITNESS:  R-U-D-D.
8            THE COURT REPORTER:  IN WHAT CITY AND STATE DO
9   YOU LIVE?
10           THE WITNESS:  OPELIKA, ALABAMA.
11           DIRECT EXAMINATION BY MR. SPEIRS:
12      Q.   MORNING, SIR.  I SEE YOU HAVE GOT YOUR CRUTCHES
13  WITH YOU.  WOULD IT HELP TO PUT THEM DOWN?  WOULD THAT
14  MAKE YOU MORE COMFORTABLE?
15      A.   NO, SIR.
16      Q.   YOU ARE FINE?
17      A.   YES.
18      Q.   YOU ARE MR. JOSHUA RUDD; IS THAT CORRECT?
19      A.   I AM.
20      Q.   ALL RIGHT, SIR.  SIR, WHERE DO YOU -- LET ME CUT
21  TO THE CHASE.  DO YOU REMEMBER DECEMBER 4TH, 2004?
22      A.   YES, SIR.
23      Q.   WHERE WERE YOU ON THAT DAY?
24      A.   HOOTERS.
25      Q.   HOOTERS, WHERE, SIR?
```

1    A.    OPELIKA OR AUBURN, EXCUSE ME.

2    Q.    AUBURN?

3    A.    YES.

4    Q.    AND, SIR, WHO WERE YOU THERE WITH?

5    A.    MY BROTHER AND MY COUSIN.

6    Q.    AND WHAT ARE THEIR NAMES?

7    A.    ADAM RUDD AND SHANNON BELL.

8    Q.    ABOUT WHAT TIME WERE YOU THERE?

9    A.    AROUND SIX O'CLOCK, ABOUT THERE.

10    Q.    WHAT WERE Y'ALL DOING?

11    A.    WATCHING A FOOTBALL GAME.

12    Q.    DO YOU REMEMBER WHAT GAME IT WAS?

13    A.    AUBURN-ALABAMA GAME, I BELIEVE.

14    Q.    NOW, SIR, AT SOME TIME WHILE YOU WERE THERE AT

15 HOOTERS, DID YOU SEE MR. ALDRIC HARRIS?

16    A.    I DID.

17    Q.    DO YOU SEE MR. HARRIS IN THE COURTROOM TODAY?

18    A.    I DO.

19    Q.    CAN YOU POINT HIM OUT, SIR?

20    A.    (WITNESS INDICATING.)

21    Q.    DO YOU KNOW MR. ALDRIC HARRIS?

22    A.    NO, SIR.

23    Q.    BEFORE DECEMBER 4, 2004, HAD YOU EVER SEEN HIM

24 BEFORE?

25    A.    NO, SIR.

```
 1      Q.   CAN YOU TELL US THE FIRST TIME THAT YOU SAW MR.
 2   HARRIS ON THAT DAY?
 3      A.   AT THE BAR AT HOOTERS.
 4      Q.   AND HOW WAS IT THAT YOU GOT HIS ATTENTION OR THAT
 5   YOU NOTICED HIM?
 6      A.   I HAPPENED TO LOOK AROUND AT HIM, LOOKED AT HIM.
 7   WE WERE SITTING FAIRLY CLOSE TO THE BAR.
 8      Q.   AT SOME POINT IN TIME, DID YOU AND THE FRIENDS
 9   THAT YOU WERE WITH LEAVE HOOTERS?
10      A.   YES, SIR.
11      Q.   WHO LEFT FIRST?
12      A.   MY BROTHER AND MY COUSIN BOTH LEFT FIVE MINUTES
13   BEFORE ME OR SO.
14      Q.   THERE CAME A TIME THAT YOU LEFT?
15      A.   YES, SIR.
16      Q.   DO YOU REMEMBER ABOUT WHAT TIME IT WAS?
17      A.   NO, SIR.
18      Q.   WAS IT LIGHT OR DARK OUTSIDE?
19      A.   IT WAS DARK.
20      Q.   WHAT HAPPENED ONCE YOU LEFT HOOTERS, MR. RUDD?
21      A.   WALKED OUT OF HOOTERS, GOT THREE QUARTERS OF THE
22   WAY DOWN THE BUILDING.  THE GENTLEMAN HERE PULLED UP NEXT
23   TO ME, POINTED A GUN AT ME.
24      Q.   LET ME STOP YOU THERE.  WHEN YOU SAY PULLED UP,
25   WHAT DO YOU MEAN PULLED UP?
```

```
 1      A.   IN HIS CAR.

 2      Q.   WHAT KIND OF CAR WAS IT?

 3      A.   A BIG BODIED CAR, LIKE A REGAL, BUICK, SOMETHING

 4  SORT OF -- I CAN'T SAY FOR SURE, BUT A LARGER, LONGER CAR.

 5      Q.   LET ME ASK YOU THIS.  WHAT WAS THE LIGHTING LIKE

 6  RIGHT THERE WHEN MR. HARRIS PULLED UP?

 7      A.   WE WENT UP TO SEE -- I COULD SEE QUITE WELL, IT

 8  WAS LIT UP, NOT EXTREMELY BRIGHT LIKE IT IS IN HERE, BUT

 9  ENOUGH TO SEE.

10      Q.   WAS THERE ANYONE ELSE WITH YOU AS YOU WERE

11  LEAVING THE HOOTERS AT THIS TIME?

12      A.   THERE WAS A YOUNG LADY WHO WORKED AT THE, AT

13  HOOTERS, STOOD BEHIND ME TO THE RIGHT.

14      Q.   WAS SHE LEAVING WITH YOU OR DID YOU KNOW HER?

15      A.   NO, SIR, SHE WAS NOT.

16      Q.   SO YOU ALL WERE NOT TOGETHER; IS THAT RIGHT?

17      A.   NO, SIR.

18      Q.   OKAY.  DID YOU NOTICE ANYTHING ELSE OR IF THERE

19  WAS ANYONE ELSE IN MR. ALDRIC HARRIS' CAR?

20      A.   THERE WERE TWO YOUNGER MEN IN THE CAR, YES.

21      Q.   WHAT, IF ANYTHING, DID MR. HARRIS SAY TO YOU?

22      A.   HE SAID THAT I OWED HIM TWENTY DOLLARS.  I TOLD

23  HIM I DIDN'T OWE HIM TWENTY DOLLARS.  HE SAID GIVE HIM HIS

24  TWENTY DOLLARS OR HIS WEED.  I GAVE HIM TWENTY DOLLARS.

25      Q.   DID YOU, IN FACT, OWE MR. HARRIS TWENTY DOLLARS
```

```
1    FOR ANY MARIJUANA OR WEED?

2         A.   NO, SIR.

3         Q.   DID YOU KNOW WHAT HE WAS TALKING ABOUT?

4         A.   NO, SIR.

5         Q.   DID YOU SEE ANY GUN AT ANY TIME DURING THIS

6    DISCUSSION?

7         A.   YES, SIR.

8         Q.   TELL THE COURT HOW FAR OR HOW WELL YOU SAW THE

9    GUN?

10        A.   HE WAS TWO, TWO AND A HALF FEET AWAY, HAD A GUN

11   STICKING UP OUT OF THE WINDOW.

12        Q.   OKAY.  AND DO YOU KNOW WHAT KIND OF GUN IT WAS?

13        A.   IT WAS A .38.

14        Q.   HOW DID YOU KNOW THAT?

15        A.   I OWN A .38.

16        Q.   SO HOW DID YOU KNOW THAT GUN WAS A .38?

17        A.   I SAW IT.

18        Q.   ABOUT HOW FAR WAS THAT GUN FROM YOU?

19        A.   ABOUT TWO FEET.

20        Q.   ALL RIGHT.  AND WHAT DID YOU DO ONCE YOU SAW THAT

21   GUN?

22        A.   GAVE THE MAN HIS TWENTY DOLLARS.

23        Q.   DID YOU OWE HIM TWENTY DOLLARS?

24        A.   NO, SIR.

25        Q.   WHAT HAPPENED NEXT?
```

```
1          A.   HE LEFT.

2          Q.   WHAT DID YOU DO?

3          A.   I LEFT.

4          Q.   DID THE POLICE SHOW UP AT SOME TIME?

5          A.   NO.  I WAS CALLED -- JOY CALLED ME PROBABLY

6   FIFTEEN MINUTES LATER AND SAID THAT THE DETECTIVE WANTED

7   ME TO COME TO THE POLICE STATION AND MAKE A STATEMENT.

8          Q.   AND DID YOU DO SO?

9          A.   YES.

10         MR. SPEIRS:  YOUR HONOR, THAT'S ALL I HAVE FOR

11  THIS WITNESS?

12         THE COURT:  CROSS?

13         CROSS EXAMINATION BY MR. BETHEL:

14         Q.   GOOD MORNING, MR. RUDD.

15         A.   GOOD MORNING.

16         Q.   ON THE 4TH OF DECEMBER, 2004, YOU PROVIDED A

17  STATEMENT TO POLICE OFFICERS IN THIS CASE, DID YOU NOT?

18         A.   YES, SIR.

19         Q.   THAT WAS A HANDWRITTEN STATEMENT THAT YOU WROTE

20  YOURSELF?

21         A.   YES, SIR, I BELIEVE SO.

22         Q.   AND THAT STATEMENT, IN THAT STATEMENT YOU DIDN'T

23  SAY ANYTHING AT ALL ABOUT MR. HARRIS ALREADY BEING IN A

24  CAR WHEN HE POINTED THIS GUN AT YOU, DID YOU?

25         A.   YES, SIR, I BELIEVE I DID.
```

1          MR. BETHEL:  YOUR HONOR, MAY I APPROACH THE

2    WITNESS?

3      Q.   MR. HARRIS -- I'M SORRY, MR. RUDD, I AM GOING TO

4    HAND YOU WHAT'S MARKED DEFENDANT'S EXHIBIT TWO AND ASK YOU

5    TO TAKE A LOOK AT THAT.  DO YOU RECOGNIZE THAT?

6      A.   YES, SIR.

7      Q.   WHAT IS THAT?

8      A.   THAT'S MY STATEMENT I HAD WRITTEN.

9      Q.   RETRIEVING DEFENDANT'S EXHIBIT TWO.  NOW, I WILL

10   ASK YOU AGAIN, MR. RUDD, IN THAT STATEMENT, YOU DIDN'T SAY

11   ANYTHING ABOUT MR. HARRIS BEING IN A CAR AT THE TIME HE

12   SUPPOSEDLY POINTED THIS GUN AT YOU, DID YOU?

13     A.   ACTUALLY, SIR, IT'S A WHITE, BEAT-UP CADILLAC.

14          THE COURT:  DO YOU HAVE A COPY OF THAT FOR ME?

15          MR. BETHEL:  I DO, YOUR HONOR.  I WILL OFFER

16   THAT.

17     Q.   SO YOU ARE SAYING WHERE IT SAYS THAT HE WAS IN A

18   WHITE, BEAT-UP CADILLAC, THAT WAS AT THE TIME HE POINTED

19   THE GUN AT YOU?

20     A.   YES.

21     Q.   NOW, THERE IS NOTHING IN YOUR STATEMENT ABOUT HIM

22   POINTING A GUN AT MS. GIAMBRONI, JOY GIAMBRONI, THE

23   ASSISTANT MANAGER?

24     A.   NO, SIR.

25     Q.   THERE IS NOTHING IN THE STATEMENT ABOUT HIM

```
1    DEMANDING TWO HUNDRED DOLLARS FROM YOU?

2        A.   NO.  TWENTY DOLLARS.

3        Q.   THERE IS NOTHING IN THE STATEMENT ABOUT HIM

4    DEMANDING TWO HUNDRED DOLLARS FROM MS. GIAMBRONI?

5        A.   NO.

6             MR. BETHEL:  NO FURTHER QUESTIONS, YOUR HONOR.

7             MR. SPEIRS:  NO REDIRECT, YOUR HONOR.

8             THE COURT:  ALL RIGHT.  YOU CAN STEP DOWN.  CALL

9    YOUR NEXT WITNESS.

10            MR. SPEIRS:  YOUR HONOR THAT'S THE GOVERNMENT'S

11   EVIDENCE.

12            THE COURT:  DOES DEFENSE WISH TO PUT ON ANY

13   WITNESSES?

14            MR. BETHEL:  NO WITNESSES, YOUR HONOR, BUT WE DO

15   HAVE FOUR EXHIBITS FOR THE COURT.

16            YOUR HONOR, DEFENDANT'S EXHIBIT ONE IS A WITNESS

17   STATEMENT FROM JOY GIAMBRONI.  DEFENDANT'S EXHIBIT TWO IS

18   THE WITNESS STATEMENT FROM JOSHUA RUDD.  DEFENDANT'S

19   EXHIBIT THREE IS A WITNESS STATEMENT FROM MR. CHRISTOPHER

20   BENNETT, AND DEFENDANT'S EXHIBIT FOUR IS A WITNESS

21   STATEMENT FROM MS. NAOMI STEWART, ALL OF WHOM WERE PRESENT

22   ON THE 4TH OF DECEMBER, 2004, AT THE HOOTERS RESTAURANT IN

23   AUBURN, ALABAMA.

24            THE COURT:  ANY OBJECTION?

25            MR. SPEIRS:  NO OBJECTION, YOUR HONOR.
```

```
 1            THE COURT:  THEY WILL BE ADMITTED.

 2            ALL RIGHT.  DO YOU REST, BOTH SIDES, WITH THE

 3    EVIDENTIARY SUBMISSION?

 4            MR. BETHEL:  YES, YOUR HONOR.

 5            MR. SPEIRS:  YES, SIR.

 6            THE COURT:  ALL RIGHT.  LET ME READ THESE.

 7                  (BRIEF PAUSE)

 8            THE COURT:  ALL RIGHT.  ANY ARGUMENTS BY EITHER

 9    SIDE?

10            MR. BETHEL:  BRIEFLY, YOUR HONOR.

11            THE COURT:  OKAY.

12            MR. BETHEL:  YOUR HONOR, I WOULD SUGGEST TO THE

13    COURT THAT BASED ON THE OBVIOUS INCONSISTENCIES AMONG

14    THESE STATEMENTS THAT IT SIMPLY IS INAPPROPRIATE TO FIND

15    EVEN BY A PREPONDERANCE OF THE EVIDENCE THAT MR. HARRIS

16    USED THIS GUN IN THE COMMISSION OF ANOTHER FELONY,

17    ESPECIALLY IN LIGHT OF THE FACT THEY WERE TALKING ABOUT AN

18    INCREASE IN THE SENTENCING GUIDELINE RANGE OF ANYWHERE

19    FROM 33 TO 41 MONTHS.

20            AS YOU HEARD MR. RUDD'S TESTIMONY, THERE WAS

21    NOTHING ABOUT TWO HUNDRED DOLLARS, THERE WAS NOTHING ABOUT

22    HIM POINTING A GUN AT MS. GIAMBRONI.  YET ACCORDING TO MS.

23    GIAMBRONI, HE ASKED HER FOR $200, HE ASKED MR. RUDD FOR

24    $200, POINTED THE GUN AT MS. GIAMBRONI'S HEAD, POINTED THE

25    GUN AT MR. RUDD'S HEAD.  AND CLEARLY YOU CAN SEE JUST FROM
```

1    THE WAY SHE USES MR. RUDD'S FIRST NAME, REFERS TO HIM

2    REPEATEDLY AS JOSH, OBVIOUSLY THEY ARE ACQUAINTANCES OR

3    FRIENDS.   SO THERE ARE CERTAINLY SOME OBVIOUS

4    INCONSISTENCIES THERE.

5            IF YOU LOOK AT MR. BENNETT'S STATEMENT AND,

6    ACCORDING TO HIM, MR. HARRIS HAD A GUN IN HIS POCKET AND

7    WAS WAIVING IT AT BOTH CUSTOMERS AND EMPLOYEES.   AND

8    WHAT'S THE LAST THING THAT HE SAYS, THE ONLY TIME I

9    NOTICED THE MAN WITH THE GUN HE WAS INSIDE THE HOOTERS

10   RESTAURANT.   SO HE WAS EITHER INSIDE THE RESTAURANT OR HE

11   WAS OUT IN THE PARKING LOT IN HIS CAR.

12           IF YOU LOOK AT THE STATEMENT FROM MS. STEWART, IT

13   WAS THERE WAS AN ALTERCATION AT THE TABLE WITH THREE

14   GENTLEMEN, NOTHING MENTIONED BY MR. RUDD ABOUT AN

15   ALTERCATION IN THE RESTAURANT.   AND ACCORDING TO MS.

16   STEWART, MR. HARRIS RAN OUT THE RESTAURANT THROUGH A SIDE

17   DOOR, WAS CHASED BY THREE WHITE MEN WHO WENT OUT THE FRONT

18   DOOR AND ONLY AFTER -- OH, AND BY THE WAY, HE STOLE A

19   WALLET ON THE WAY OUT, OBVIOUSLY NOT MENTIONED BY MR. RUDD

20   EITHER.   AND ONLY THEN DID HE END UP IN HIS CAR AND THEN

21   PULL AWAY FROM THE HOOTERS RESTAURANT.

22           I DON'T KNOW WHAT HAPPENED THAT DAY, YOUR HONOR,

23   BUT I WOULD SUGGEST THAT WHEN YOU LOOK AT THOSE FOUR

24   STATEMENTS, THERE IS SOMETHING ROTTEN IN DENMARK WHEN IT

25   COMES TO THE ACCURACY OF ANY OF THESE STATEMENTS ABOUT

1   WHAT TRANSPIRED AT THAT RESTAURANT ON THAT DAY IN THAT

2   PARKING LOT OR INSIDE THE RESTAURANT IF YOU ARE TALKING

3   ABOUT MR. BENNETT'S STATEMENT.

4            THE BOTTOM LINE IS, YOUR HONOR, WE THINK BASED ON

5   THE OBVIOUS INCONSISTENCIES AND NUMEROUS INCONSISTENCIES

6   IN THESE STATEMENTS THAT THERE IS SOMETHING FISHY ABOUT

7   WHAT SUPPOSEDLY WENT ON THAT DAY AND WE JUST DON'T THINK

8   IT WARRANTS A FOUR-LEVEL ENHANCEMENT IN THIS CASE THAT'S

9   GOING TO RESULT IN AN INCREASE IN THE ADVISORY GUIDELINE

10  RANGE OF ANYWHERE FROM 33 TO 41 MONTHS.

11           THE COURT:  GOVERNMENT, DO YOU HAVE ANY

12  ARGUMENT?

13           MR. SPEIRS:  YOUR HONOR, HE IS BEING CHARGED

14  UNDER 2K2.1B5 WITH ROBBERY.  WHAT DEFENSE COUNSEL WOULD

15  LIKE TO DO IS TAKE PERHAPS SOME OTHER CHARGEABLE OFFENSES

16  LIKE DISTURBING THE PEACE OR OTHER THINGS THAT HAPPENED

17  INSIDE THE HOOTERS AND MIX THEM ALL UP TO SAY THAT

18  MR. RUDD ISN'T TELLING THE TRUTH.  WELL, THAT'S SIMPLY NOT

19  THE CASE.  THE GUIDELINE THAT'S APPLICABLE IS 2K2.1B5 FOR

20  ROBBERY AND THE GOVERNMENT PUT ON A WITNESS WHERE THE MAN

21  HAD A GUN STUCK IN HIS FACE AND TWENTY DOLLARS TAKEN FROM

22  HIM.  THAT'S THE GUIDELINE THAT PROBATION APPLIED.  THAT'S

23  THE EVIDENCE THAT THE GOVERNMENT HAS PRESENTED, AND THAT

24  EVIDENCE IS EXACTLY CONSISTENT WITH WHAT MR. RUDD SAID ON

25  DECEMBER 4TH, 2004.

1    SO DESPITE TRYING TO MIX THE POT AND CLOUD THE
2    WATER, YOUR HONOR, WE SIMPLY DON'T HAVE THAT.  WE DON'T
3    HAVE TO LOOK AT WHAT HAPPENED INSIDE THE HOOTERS; THOSE,
4    INDEED, MAY BE OTHER CHARGEABLE OFFENSES.  BUT WE DO HAVE
5    THE WITNESS, THE GENTLEMAN THAT HAD A .38 CALIBER REVOLVER
6    STUCK IN HIS FACE, ASKED FOR $200, OUTSIDE THE HOOTERS.
7         THAT IS ROBBERY, YOUR HONOR.  HE USED A FIREARM
8    IN CONNECTION WITH THE ROBBERY.  THE FOUR POINTS SHOULD
9    APPLY, SIR.
10        THE COURT:  Y'ALL GIVE ME JUST A MINUTE.
11             (BRIEF PAUSE)
12        THE COURT:  ALL RIGHT.  I AM GOING TO OVERRULE
13   THE OBJECTION MADE BY THE DEFENDANT TO THE PRESENTENCE
14   REPORT.  I FIND THAT THE DEFENDANT DID, AS ALLEGED IN THE
15   PRESENTENCE REPORT, SPECIFICALLY WITH REGARD TO PARAGRAPH
16   FOURTEEN, USE OR POSSESS A FIREARM IN OR IN CONNECTION
17   WITH ANOTHER FELONY OFFENSE; THAT IS, THE ROBBERY OF THIS
18   PARTICULAR WITNESS THAT TESTIFIED HERE TODAY.  THAT HE
19   POINTED THE GUN AT THAT PERSON, DEMANDING MARIJUANA OR
20   TWENTY DOLLARS.
21        COME UP HERE TO THE PODIUM FOR ME.
22        MR. BETHEL:  YOUR HONOR, WE HAVE NOT BEEN
23   PROVIDED WITH A COPY OF THE SENTENCING RECOMMENDATION.  I
24   WOULD REQUEST THAT WE WOULD BE PROVIDED A COPY OF THAT
25   RECOMMENDATION AT THIS TIME.

```
 1          THE COURT:  FROM THE PROBATION OFFICE?
 2          MR. BETHEL:  YES, YOUR HONOR.
 3          THE COURT:  IT WILL BE DENIED.
 4          ALL RIGHT.  I HAVE RULED NOW ON THE OBJECTIONS BY
 5    THE DEFENDANT.  DOES THE GOVERNMENT HAVE ANY OBJECTION TO
 6    THE PRESENTENCE REPORT?
 7          MR. SPEIRS:  NO, SIR.
 8          THE COURT:  HAVING MADE ALL RULINGS, I ADOPT THE
 9    FACTUAL STATEMENTS CONTAINED IN THE PRESENTENCE REPORT AS
10    WELL AS ITS CALCULATIONS AND ALL MATTERS CONTAINED IN THE
11    PRESENTENCE REPORT WITH SPECIFIC FINDING THAT THE OFFENSE
12    LEVEL IS 25, THE CRIMINAL HISTORY IS CATEGORY ROMAN
13    NUMERAL VI, THE GUIDELINE IMPRISONMENT RANGE IS THUS FROM
14    110 MONTHS TO 120 MONTHS, THE SUPERVISED RELEASE PERIOD IS
15    FROM TWO YEARS TO THREE YEARS, AND THE FINE RANGE IS FROM
16    $10,000 TO $100,000.
17          NOW, THE GOVERNMENT HAS FILLED A MOTION FOR
18    DOWNWARD DEPARTURE PURSUANT TO -- WELL, FIRST, THEY FILED
19    A MOTION FOR AN ACCEPTANCE OF RESPONSIBILITY DEPARTURE AND
20    I AM GOING TO GRANT THAT.  IT LOOKS LIKE THREE LEVELS.
21    AND IMPLICIT IN MY ADOPTING THE CALCULATIONS AND FINDINGS
22    IN THE PRESENTENCE REPORT, I AM GRANTING THAT PARTICULAR
23    MOTION.  HOWEVER, THE GOVERNMENT ALSO HAS FILED A MOTION
24    FOR DOWNWARD DEPARTURE PURSUANT TO 5K1.1 FOR A ONE-LEVEL
25    DOWNWARD DEPARTURE.
```

```
1            DOES THE GOVERNMENT WANT TO MAKE ANY FURTHER

2    ARGUMENTS WITH REGARD TO THAT MOTION?

3            MR. SPEIRS:  NO, SIR.

4            THE COURT:  DOES DEFENSE WISH TO MAKE ANY

5    ARGUMENTS WITH REGARD TO THAT MOTION?

6            MR. BETHEL:  JUST THAT I WOULD SAY, YOUR HONOR,

7    MR. HARRIS HAS COOPERATED WITH THE GOVERNMENT FULLY FROM

8    THE BEGINNING.  HE HAS PROVIDED INFORMATION IN NOT ONE BUT

9    TWO PROFFERS.  AND DUE TO HIS COOPERATION AND HIS

10   WILLINGNESS TO ANSWER ALL THE GOVERNMENT'S QUESTIONS IN

11   THOSE PROFFERS, I WOULD SUGGEST THAT A SENTENCE AT THE LOW

12   END OF THE GUIDELINE RANGE IS APPROPRIATE IN THIS CASE.

13           THE COURT:  ALL RIGHT.  WE ARE GOING TO GET THERE

14   IN JUST A SECOND.  I WILL GRANT THE GOVERNMENT'S MOTION

15   FOR DOWNWARD DEPARTURE OF ONE LEVEL PURSUANT TO 5K1.1.  I

16   FIND THAT THAT'S APPROPRIATE CONSIDERING THE DEFENDANT'S

17   ASSISTANCE.

18           THEREFORE, THE GUIDELINE OFFENSE LEVEL IS 24,

19   WHEN COMBINED WITH CRIMINAL HISTORY CATEGORY OF ROMAN

20   NUMERAL VI CREATES A GUIDELINE RANGE OF 100 MONTHS TO 120

21   MONTHS AND A FINE RANGE FROM $10,000 TO $100,000.

22           NOW, DO YOU HAVE ANYTHING TO SAY IN MITIGATION OR

23   OTHERWISE BEFORE I PRONOUNCE THE SENTENCE OF LAW UPON YOUR

24   CLIENT?

25           MR. BETHEL:  JUST WHAT I JUST MENTIONED TO THE
```

1  COURT, YOUR HONOR.

2        THE COURT:  MR. HARRIS, THIS IS YOUR OPPORTUNITY

3  TO SAY ANYTHING IN MITIGATION OR OTHERWISE BEFORE I

4  PRONOUNCE THE SENTENCE OF LAW UPON YOU.  DO YOU HAVE

5  ANYTHING YOU WANT TO TELL ME?

6        THE DEFENDANT:  NO, SIR.

7        THE COURT:  GOVERNMENT?

8        MR. SPEIRS:  YOUR HONOR, AS I AM SURE THE COURT

9  IS AWARE, MR. HARRIS HAS AN EXTENSIVE CRIMINAL HISTORY

10  THAT I AM SURE THE COURT HAS SEEN IN THE PRESENTENCE

11  REPORT, AND I AM SURE THE COURT WILL IMPOSE AN APPROPRIATE

12  SENTENCE.

13        THE COURT:  ALL RIGHT.  LET ME SEE THE PROBATION

14  OFFICER.

15              (BRIEF PAUSE)

16        THE COURT:  ALL RIGHT.  LET ME SAY A COUPLE

17  THINGS ON THE RECORD.  FIRST OFF, THE SENTENCING

18  GUIDELINES ARE ADVISORY.  THAT IS PROVIDED FOR BY THE

19  INTERPRETATION OF THE SENTENCING GUIDELINES MADE BY THE

20  UNITED STATES SUPREME COURT AS WELL AS THE ELEVENTH

21  CIRCUIT.  I AM, HOWEVER, REQUIRED TO CORRECTLY CALCULATE

22  THE GUIDELINES, APPLY ANY DEPARTURES THAT ARE APPLICABLE.

23  I BELIEVE I HAVE DONE THAT AND MADE THE APPROPRIATE

24  CALCULATIONS, AND I DO CONSIDER THE GUIDELINE RANGE AS AN

25  ADVISORY FACTOR WHEN I AM DECIDING WHAT IS AN APPROPRIATE

1  OR REASONABLE SENTENCE TO GIVE THIS PARTICULAR DEFENDANT.

2       IN ADDITION, I AM REQUIRED BY LAW TO CONSIDER THE

3  FACTORS SET FORTH IN 18 U.S.C. SECTION 3553 AND I AM

4  CONSIDERING THOSE AS WELL.  I BELIEVE THE SENTENCE I

5  INTEND TO GIVE THE DEFENDANT IS REASONABLE CONSIDERING THE

6  NEED TO REFLECT THE SERIOUSNESS OF THIS OFFENSE AND

7  PROMOTE RESPECT FOR THE LAW AND PROVIDE JUST PUNISHMENT

8  FOR THE OFFENSE, AS WELL AS THE NATURE AND CIRCUMSTANCES

9  OF THE OFFENSE AND HISTORY AND CHARACTERISTICS OF THIS

10 PARTICULAR DEFENDANT.

11      PURSUANT TO THE SENTENCING REFORM ACT OF 1984, IT

12 IS THE JUDGMENT OF THIS COURT THAT YOU ARE COMMITTED TO

13 THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF 120

14 MONTHS.  I RECOMMEND THAT YOU BE HOUSED IN A FACILITY THAT

15 PROVIDES INTENSIVE RESIDENTIAL SUBSTANCE ABUSE TREATMENT.

16 I ORDER THAT YOU PAY A SPECIAL ASSESSMENT FEE OF $100.

17 THE ASSESMENT FEE IS DUE IMMEDIATELY.  BASED UPON YOUR

18 INABILITY TO PAY A FINE, I AM GOING TO ORDER THAT THE FINE

19 BE WAIVED.

20      THERE IS NO IDENTIFIABLE VICTIM WHO INCURRED A

21 FINANCIAL LOSS AS A RESULT OF THE OFFENSE.

22      FOLLOWING YOUR RELEASE FROM IMPRISONMENT, YOU

23 WILL BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF THREE

24 YEARS.  WITHIN 72 HOURS OF YOUR RELEASE FROM IMPRISONMENT,

25 YOU ARE DIRECTED TO REPORT TO THE PROBATION OFFICE IN THE

1   DISTRICT COURT TO WHICH YOU ARE RELEASED.  WHILE ON

2   SUPERVISED RELEASE, YOU WILL COMPLY WITH THE MANDATORY AND

3   STANDARD CONDITIONS OF SUPERVISED RELEASE ON FILE WITH

4   THIS COURT.  IN ADDITION, YOU WILL COMPLY WITH THE

5   FOLLOWING SPECIAL CONDITIONS.

6          YOU WILL PARTICIPATE IN DRUG TESTING AND

7   TREATMENT.  YOU SHALL CONTRIBUTE TO THE COST OF ANY

8   TREATMENT BASED ON YOUR ABILITY TO PAY AND THE

9   AVAILABILITY OF THIRD PARTY PAYMENTS.  YOU SHALL FURTHER

10  COOPERATE WITH THE PROBATION OFFICER IN THE COLLECTION OF

11  DNA.  YOU SHALL SUBMIT TO A SEARCH OF YOUR PERSON, YOUR

12  RESIDENCE, OFFICE OR VEHICLE PURSUANT TO THE SEARCH

13  POLICIES OF THIS COURT.

14         FURTHER, LET ME ASK THIS QUESTION OF DEFENSE

15  COUNSEL.  DOES YOUR CLIENT WISH TO PARTICIPATE, IF IT IS

16  AVAILABLE, IT MAY NOT BE IN HIS PARTICULAR TYPE OFFENSE,

17  BUT IN THE 500 HOUR DRUG TREATMENT PROGRAM PROVIDED FOR BY

18  THE BUREAU OF PRISONS?

19         MR. BETHEL:  YES, YOUR HONOR.

20         THE COURT:  I WOULD REQUEST THAT HE BE PERMITTED

21  TO PARTICIPATE IN THAT TREATMENT PROGRAM.  I AM NOT SAYING

22  YOU GET ANY TIME OFF FOR PARTICIPATING IN IT.  IF YOU DO,

23  FINE.  IF YOU DON'T, I THINK YOU NEED IT ANYWAY.

24         DOES HE HAVE ANY REQUEST TO BE HOUSED IN A

25  PARTICULAR AREA?

1    MR. BETHEL:  SOMEWHERE NEAR AUBURN-OPELIKA, YOUR

2  HONOR.

3    THE COURT:  OKAY.  I WILL MAKE THAT PARTICULAR

4  REQUEST AS WELL.

5    IS THERE ANY OBJECTION BY ANY PARTY AS TO THE

6  FINDINGS OF FACT, THE CALCULATION, SENTENCE OR THE MANNER

7  IN WHICH THE SENTENCE WAS PRONOUNCED OR IMPOSED OTHER THAN

8  THOSE PREVIOUSLY STATED?  FROM THE GOVERNMENT?

9    MR. SPEIRS:  YOUR HONOR, WE HAVE NO OBJECTION;

10  HOWEVER, THERE IS A FORFEITURE ALLEGATION.  WE WOULD ASK

11  THE COURT MAKE THAT FORFEITURE ORDER PART OF IT'S ORAL

12  PRONOUNCEMENT OF LAW.

13    THE COURT:  OF THE FIREARM?

14    MR. SPEIRS:  YES, SIR.

15    THE COURT:  ANY OBJECTION?

16    MR. BETHEL:  NO, YOUR HONOR.

17    THE COURT:  THAT WILL BE MADE.  ANY OBJECTION

18  FROM THE DEFENDANT.

19    MR. BETHEL:  NO, YOUR HONOR.

20    THE COURT:  YOU HAVE THE RIGHT TO APPEAL THE

21  SENTENCE IMPOSED WITHIN TEN DAYS IF YOU BELIEVE THE

22  SENTENCE IS IN VIOLATION OF THE LAW.  YOU MAY HAVE WAIVED

23  SOME OR ALL OF THOSE RIGHTS TO APPEAL AS PART OF YOUR PLEA

24  AGREEMENT.  IF YOU DID, SUCH WAIVERS ARE GENERALLY FOUND

25  TO BE ENFORCEABLE.  IF YOU BELIEVE IT IS UNENFORCEABLE,

```
 1   YOU CAN PRESENT THAT THEORY TO THE APPROPRIATE APPELLATE
 2   COURTS BUT ANY APPEAL MUST BE FILED WITHIN TEN DAYS OF
 3   JUDGMENT BEING ENTERED IN THE COURT OR, AT LEAST WITH FEW
 4   EXCEPTIONS, ANY APPEAL MUST BE FILED WITHIN TEN DAYS OF
 5   JUDGMENT BEING ENTERED IN THIS CASE.
 6           IF YOU ARE UNABLE TO PAY THE COST OF APPEAL, YOU
 7   MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND FOR
 8   APPOINTMENT OF COUNSEL.  IF YOU ARE GRANTED SUCH, THE
 9   CLERK OF COURT WOULD ASSIST YOU IN PREPARING AND FILING
10   NOTICE OF APPEAL.
11           DO YOU HAVE ANY QUESTIONS, MR. HARRIS?
12           THE DEFENDANT:  NO.
13           THE COURT:  ALL RIGHT.  HAVE A GOOD DAY.
14               (END OF PROCEEDINGS.)
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

 2                      C E R T I F I C A T E

 3   * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

 4

 5       I HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT IN THE

 6   ABOVE-STYLED CAUSE IS TRUE AND ACCURATE.

 7

 8   \S\LINDY M. FULLER, RMR, CRR              JULY 31, 2007

 9   FEDERAL OFFICIAL COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

    v.                                                                Case Number  3:05-CR-223-LSC

ALDRIC HARRIS                                                   USM Number 11792-002
    Defendant.

### JUDGMENT IN A CRIMINAL CASE
#### (For Offense(s) Committed On or After November 1, 1987)

The defendant, ALDRIC HARRIS, was represented by Donnie Wayne Bethel.

The defendant pleaded guilty to count 1.  Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Offense Ended | Count Number |
| --- | --- | --- | --- |
| 18 USC 922(g) | Felon in Possession of a Firearm | 12/4/2004 | 1 |

As pronounced on April 26, 2006, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 28th day of April 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

GOVERNMENT
EXHIBIT
E

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment–Page 2 of 6

Defendant: ALDRIC HARRIS
Case Number:   3:05-CR-223-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED TWENTY (120) months as to Count 1.

The Court recommends to the Bureau of Prisons that the defendant be evaluated and allowed to participate in the Intensive Residential Substance Abuse Treatment Program (500 hour program) and that the defendant be housed as close as possible to his family in Opelika, AL.  The drug treatment recommendation should take first priority.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.


_____
United States Marshal

By      _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Defendant: ALDRIC HARRIS
Case Number:  3:05-CR-223-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **36 months**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✔    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment—Page 4 of 6

Defendant: ALDRIC HARRIS
Case Number:  3:05-CR-223-LSC

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment—Page 5 of 6

Defendant:  ALDRIC HARRIS
Case Number:    3:05-CR-223-LSC

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall participate in drug testing and/or treatment and shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.
2)  The defendant shall cooper with the probation officer in the collection of DNA.
3)  The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment—Page 6 of 6

Defendant:  ALDRIC HARRIS
Case Number:   3:05-CR-223-LSC

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

One Charter Arms .38 Caliber Revolver, Serial Number 457011

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA          )
   Plaintiff                      )                    Criminal Court Division
                                  )
Vs.                               )          Case Number 3:05cr223-LSC
                                  )
ALDRIC HARRIS,                    )
   Defendant                      )

<u>MOTION TO REVIEW SENTENCE</u>

   Comes now Defendant, Aldric Harris, pro se, before this

Honorable Court, and request for review of sentence imposed

in the above styled cause for the following reasons;

1 ) Sentence imposed was 120 months for violation of §18 U.S.C.S.

922 (g) 1.

2 ) §18 U.S.C.S 922 (g) 1, states it shall be unlawful for any

person- **(1) Who has been convicted in any court of, a crime**

**punishable by imprisonment for a term exceeding one year;.**

3 ) 18 U.S.C.S. 924 Penalties; subparagraph a (D) willfully violates

any other provision of this chapter, shall be fined under this

title, imprisoned **not more than five years or both.**

4 ) The enhancement listed under the this provision does not

encompass an additional enhancement due to the offense is a State

carry-over charge and subsequintly fails to meet the definition

of such additional penalites; The base offense level and the

sentence both should be considered doubled and such is also

indicated in the P.S.R., which again contains convictions that

do not meet the violate statute, because under color of State

law ( for which obtained the convictions) list the offenses as

**NON-VIOLATE,** moreso the "drug offense" is for simple possession

and again does not meet the drug offense violation to enhance



a subsequent conviction in another jurisdiction. see **U.S. V. MARTINEZ** 232 F3d 728, 735 ; thus misapplied.

5 ) The p.s.r. informed the Court that the defendant had infact met the requirements and this simply is not true, therefore the sentence imposed was considered upon information outside of the applicable guidelines and the punishment range substantially increased and unwarranted.

6) The Federal R. CR. Pro. Rule 35, allows the Court to correct a sentence that has been shown to be beyond the range for a certain statute violation.

7 ) The imposed sentence was allocated based upon errorous infor-mation and misapplied subparagraphs, thus the Court could not have known that the section referred to in the sentencing phase on this Defendant.

WHEREFORE THE FOREGOING CONSIDERED: it is prayed this Honorable Court will re-assess the punishment in this cause and reduce the term imposed in accordance with the maximum allowed by the statute violation.

Done this 28th day of July, 2006.

Respectfully submitted,

Aldric L. Harris
Aldric Harris #162606
3800 Fountain  Dorm 4-129
Atmore, Alabama  36503

In The United States District Court
Middle District of Alabama
Eastern Division

UNITED STATES OF AMERICA,          ]
                                   ]
                                   ]
      vs.                          ]          2:05-cr-223-LSC
                                   ]
ALDRIC HARRIS,                     ]
                                   ]

Order

This matter is before the Court on Defendant's Pro Se Motion to Review

Sentence filed on August 3, 2006.  (Doc. 32.)

18 U.S.C. § 924(a)(2)  states in part, "Whoever knowingly violates

subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as

provided in this title, imprisoned not more than 10 years, or both."  The defendant

pled guilty to violating 18 U.S.C. § 922(g)(1).

The Defendant's Motion to Review Sentence is Denied.

Done this 7th day of August 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE


GOVERNMENT
EXHIBIT
G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATE OF AMERICA,    )
   Plaintiff

                )

Vs.                  **Case Number 3:05cr223LSC**

                )

ALDRIC HARRIS,
   Defendant           )

## MOTION TO CORRECT SENTENCE

Comes now Defendant, Aldric Harris, pro se, before this Honorable Court and moves to have the sentencing guide line in this cause re-evaluated as the offense level and the guideline range for this defendant should be within a 34-41 month range as scored by the applicable offense level and the history score, due to the fact that the state court did not proceed with any charges for the alleged criminal act associated with this case and therefore the defendant should not be held accountable for this enhancement under the guideline manual range and application.

The under laying charge is felon in possession of a fire arm 18 U.S.C. 922 (g) and the maximum sentence under this statute is 120 months, of which the defendant was sentenced to, because of the presumption that the defendant had committed a related offense, thus the offense must have resulted in a conviction of which was not the case in this matter before this court on this case.

The Supreme Court has held unanimously that "if the under laying charge does not result in a conviction or is dismissed the defendant can not be and will not be held accountable for those offenses for enhancement purposes" although the state court did not even attempt to present the case before the Grand Jury of the state, the Federal Probation



Office in scoring the case at bar, did given details and enhancement applications to the cause which should be deemed to be inappropriate in this matter now that it is brought to the Courts attention and the sentence is due to be modified accordingly.

WHEREFORE THE FOREGOING CONSIDERED; it is prayed that this Court give the due consideration and adjust the sentence downward for the proper guideline range for the violation of the 18 U.S.C. 922 (g) section and modify the transcript to reflect the same within the 34-41 month range.

Done this 20th day of September, 2006.

Respectfully submitted,

_Aldric L. Harris_
Aldric Harris #162606
3800 Fountain 6-Dorm
Atmore, Alabama   36053

# NOTARY SERVICE

**STATE OF ALABAMA }**

**COUNTY OF ESCAMBIA}**

Before me personally appeared **ALDRIC HARRIS**, and does affirm that the foregoing attached is true and correct to the best of his knowledge and belief. And is known or identified before me by identification and scribed in my presents the accompanying documents.
Done this __21__ day of __Sept__, 2006.

__11-05-06__
My Commission expires

Notary Public (L.S.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATE OF AMERICA,    )
   Plaintiff
                      )

Vs.                        Case Number 3:05cr223LSC
                      )

ALDRIC HARRIS,         )
   Defendant              )

### MOTION TO CORRECT SENTENCE

Comes now Defendant, Aldric Harris, pro se, before this Honorable Court and moves to have the sentencing guide line in this cause re-evaluated as the offense level and the guideline range for this defendant should be within a 34-41 month range as scored by the applicable offense level and the history score, due to the fact that the state court did not proceed with any charges for the alleged criminal act associated with this case and therefore the defendant should not be held accountable for this enhancement under the guideline manual range and application.

The under laying charge is felon in possession of a fire arm 18 U.S.C. 922 (g) and the maximum sentence under this statute is 120 months, of which the defendant was sentenced to, because of the presumption that the defendant had committed a related offense, thus the offense must have resulted in a conviction of which was not the case in this matter before this court on this case.

The Supreme Court has held unanimously that "if the under laying charge does not result in a conviction or is dismissed the defendant can not be and will not be held accountable for those offenses for enhancement purposes" although the state court did not even attempt to present the case before the Grand Jury of the state, the Federal Probation

# MOTION DENIED

THIS __29th__ DAY OF __September__ __,20__06__

/s/ L. Scott Coogler

**UNITED STATES DISTRICT JUDGE**

GOVERNMENT
EXHIBIT
I