IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALDRIC HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 3:07cv593-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 3) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 that was filed by federal inmate Aldric Harris ("Harris") on June 22, 2007. In its response, the government argues that Harris's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government asserts that Harris's conviction for being a felon in possession of a firearm became final on May 9, 2006 – 10 days after the district court's entry of Judgment, as no direct appeal was filed – and that the instant § 2255 motion was filed after expiration of the one-year period

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

of limitation.  *See "United States' Response to § 2255 Motion"* (Doc. No. 3) at 2-4.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On January 31, 2006, Harris pled guilty to being a felon in possession of a firearm. He was sentenced on April 26, 2006.  *See "Criminal Docket for Case No. 3:05cr223-LSC."* The district court entered Judgment on April 28, 2006.  *Id.*  Harris did not file a direct appeal of his conviction.  By operation of law, then, his conviction became final on May 8, 2006, upon expiration of the time for him to file a direct appeal (i.e., 10 days after the district court's entry of Judgment).  Thus, Harris had until May 8, 2007, to file a timely § 2255 motion.  The instant motion, however, was not filed until June 22, 2007.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case.  Specifically, Harris's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Harris from filing an earlier motion nor has Harris submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Harris's filing his motion to vacate. Accordingly it is

ORDERED that on or before August 23, 2007, Harris shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 2nd day of August, 2007.

       /s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE