# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA,<br>    Plaintiff | ) | |
| | ) | |
| Vs. | ) | Case Number 3:05cr228-MEF |
| | ) | |
| ALDRIC HARRIS,<br>    Defendant | ) | |
| | ) | |

RECEIVED
2007 AUG 31 A 9: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

3:07CV593

## CROSS-ANSWER TO 2255 PETITION

Comes now Defendant, Aldric Harris, pro se, before this Honorable Court and moves to have the petition review in the light that this petition is filed within the meaning of the time tolls as the original motion before the court was not denied until June of 2007, upon which time the petitioner begin preparing this instant petition and along with the guidelines in the following;

### STATUTE OF LIMITATIONS

The State argues that the statute of limitations precludes consideration of Lee's habeas petition in its entirety. The AEDPA establishes a *one-year* limitations period for bringing a habeas petition, running in this case from the enactment of AEDPA 2 and discounting time when a properly-filed state-court collateral-review petition is pending. 28 U.S.C.A. § 2244(d) .Lee's direct appeal was not final until summer of 1991, before the "within the one-year period following the enactment of AEDPA." Therefore this petition is properly filed within the meaning of § 2254(d)(2) , and that the one-year period has not expired before the acceptance and filing of this petition. The only issue is pending for the waiver of pre-payment of filing fees Compellingly, the State cites the recent decision of Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) , in which the Supreme Court held that the failure to pay a required filing fee prevents a petition from being properly filed under 28 U.S.C.A. § 2244(d)(2) , even though the petition was received in the clerk's office. Had the State raised the issue of proper filing in its earlier statute-of-limitations argument, this intervening change in the law may have been dispositive of this petition.

**Time tolls**

As far as the limitation of time; this petition is being filed within one year of the last action that was denied as the motion was final within the last 12 months, meeting the requirements established by the most recent applications.

WHEREFORE THE FOREGOING CONSIDERED; it is prayed that this Court give the due consideration and adjust the sentence downward for the proper guideline range for the violation of the 18 U.S.C. 922 (g) section and modify the transcript to reflect the same within the 34-41 month range.

Done this 21st day of August, 2007.

Respectfully submitted,

*Aldric J. Harris*
Aldric Harris #162606
3800 Fountain F-Dorm
Atmore, Alabama 36053

Eric Harris 162606
300 Fountain E-Dorm
Atmore, AL 36503

**LEGAL**

36101+0711

United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 00.41°
0004309410  AUG 30 2007
MAILED FROM ZIP CODE 36502