IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALDRIC HARRIS, )<br>)<br>Petitioner, )<br>)<br>v )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:07cv593-MEF<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Aldric Harris ("Harris") asks the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.  PROCEDURAL HISTORY**

On January 31, 2006, Harris pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 26, 2006, the district court sentenced Harris to 120 months in prison. Judgment was entered on April 28, 2006. Harris did not appeal.

On June 22, 2007 (Doc. No. 1), Harris filed this § 2255 motion.[1] In it, he asserts that his conviction violates the double jeopardy clause and contends that the pre-sentence report "overstated the acts committed by the Petitioner as to the nature and elements involved in

---

[1] Although the instant motion was date-stamped "received" in this court on June 27, 2007, it was signed by Harris on June 22, 2007. Under the "mailbox rule," a *pro se* inmate's motion is deemed filed the date it is delivered to prison officials for mailing, here, presumptively June 22, 2007, the date Harris signed it. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

the actual commission, greatly increasing the guideline range at sentencing." (Doc. No. 1 at p. 6.)  The government has filed an answer arguing that Harris's motion is untimely and therefore barred by the one-year period of limitation applicable to § 2255 motions.  (Doc. No. 3.)  *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]

After due consideration and upon review of the motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Harris's § 2255 motion should be denied because it is time-barred.

## II.   DISCUSSION

### A.   *Limitation Period*

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

could have been discovered through the exercise of due diligence.

The district court entered the judgment of conviction in Harris's criminal case on April 28, 2006, and Harris did not take a direct appeal. By operation of law, Harris's conviction became final on May 8, 2006 – 10 days after the district court entered its judgment.[3] Thus, Harris had until May 8, 2007, to file a timely § 2255 motion. However, he filed his § 2255 motion on June 22, 2007, over forty days after expiration of the one-year period of limitation.

## B.   *Statutory Exceptions to Limitation Period*

Harris does not demonstrate that any of the exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in his case to compel the conclusion that the one-year limitation period started to run at some time after his conviction became final, § 2255 ¶ 6 (1). Specifically, there is no indication that a governmental action prevented Harris from filing a timely § 2255 motion. *See* § 2255 ¶ 6 (2). Moreover, Harris's claims do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6 (3). Finally, Harris does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6 (4).

---

[3]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

Harris appears to suggest that his § 2255 motion is timely because he filed two postconviction motions that were denied by the district court within a year before he filed his § 2255 motion. (Doc. No. 5 at p. 2.) The first of these motions, styled as a "Motion to Review Sentence," was filed by Harris on July 28, 2006, and was denied by the district court on August 7, 2006. (*See* Criminal Case No. 3:05cr-223-LSC - Doc. Nos. 32 and 33.) The second of these motions, styled as a "Motion to Correct Sentence," was filed by Harris on September 20, 2006, and was denied by the district court on September 29, 2006. (*See* Criminal Case No. 3:05cr-223-LSC - Doc. Nos. 32 and 33.) As the government correctly argues, Harris's suggestion that the filing of these motions operated either to toll the limitation period or to start a new one-year limitation period in Harris's case is contrary to paragraph 6 of 28 U.S.C. § 2255 and is unsupported by any legal authority. (Doc. No. 3 at pp. 3-4.) Were Harris deemed to be correct about the effect of his post-conviction motions, a petitioner could create a new one-year limitation period for the filing of a § 2255 motion merely by filing any post-conviction motion in his criminal case. Further, nothing in the language of 28 U.S.C. § 2255 ¶ 6 (1)-(4) contemplates that the limitation period should run from the date any such post-conviction motion is ruled upon or contemplates the tolling of the limitation period by the filing of such a motion.

## C.   *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in § 2255 ¶ 6 (2)-(4) "when a movant untimely files because of extraordinary circumstances

that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000). Harris, however, fails to show how he is entitled to equitable tolling excusing the untimely filing of his § 2255 motion.

Because Harris is not entitled to tolling, statutory or equitable, his § 2255 motion is time-barred, and it is unnecessary to address the merits of the claims he raises in his motion.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied as time-barred and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 3, 2009**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 20th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE